**David A. ABARCA, Individually and F/D/B/A Hi Fi Hospital, Appellant,**

v.

**ROADSTAR CORP. OF AMERICA, Appellee.**

**No. 2463cv.**

Court of Appeals of Texas, Corpus Christi.

Nov. 29, 1982.

Rehearing Denied Dec. 30, 1982.

J.R. Keeling, Corpus Christi, for appellant.

John S. Warren, LeLaurin & Adams, Corpus Christi, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

OPINION

KENNEDY, Justice.

This appeal involves first the question whether a trial judge may sign an interlocutory summary judgment based upon findings expressed by his deceased predecessor contained in a letter. This suit was upon sworn account. A hearing on a motion for partial summary judgment had been held by the judge now deceased (Judge Lankford), at the conclusion of which the judge took the matter under advisement. Subsequently, he wrote a letter to both parties which set out his findings and requested the attorney for the successful litigant to prepare a judgment. This letter was filed for record in the cause.

After Judge Lankford's successor (Judge Villarreal) took office, he signed an interlocutory summary judgment based upon Judge Lankford's letter. Still later, he heard evidence on attorney's fees and signed a final judgment for appellee. We affirm.

Appellant's brief raises four points of error, the first three of which, in substance, relate to the propriety of the actions taken by Judge Villarreal in signing the interlocutory judgment and the final judgment based upon Judge Lankford's findings. These three points will be treated together.

■■■ A judgment is rendered when the decision is officially announced either orally in open court or by memorandum filed with the court. *Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56 (Tex.1970). Judge Lankford's letter certainly qualifies as a memorandum, and it was filed with the clerk.

In *Kittrell v. Fuller,* 281 S.W. 575 (Tex. Civ.App.—Dallas 1926, writ ref'd) the court said:

"There is a distinction between the rendition of the judgment and its entry in the minutes of the Court; each representing a distinct occurrence of fact in the trial of a case. The judgment is that which the Court pronounces, and its rendition is the judicial act by which the Court settles and declares the decision of the law upon the matters at issue. The entry of the judgment is the ministerial act performed by the Clerk of the Court, and by means of which permanent evidence of the judicial act in rendering the judgment is made a record of the Court." Id at 576.

We hold that Judge Lankford's letter was the rendering of the judgment in this case. Judge Vilarreal's act in signing the formal document called the judgment merely recorded this rendition.

Appellant's first three points of error are overruled.

Appellant's fourth point of error is to the effect that before the entry of judgment by the Court, appellant had excepted to appellee's pleadings which would prevent entry of any type of summary judgment. The

sequence of events with which we are concerned is as follows (all dates are in 1981):

April 29—Plaintiff's (appellee's) original petition filed.

May 20—Defendant's (appellant's) unsworn general denial filed. It contained no exceptions to plaintiff's pleadings.

June 3—Plaintiff's motion for summary judgment and request for evidentiary hearing filed.

July 9—Hearing conducted by Judge Lankford—matter taken under advisement.

July 15—Judge Lankford wrote letter to litigants announcing his ruling and recorded same.

July 31—Defendant filed response to motion for summary judgment.

September 25—Final summary judgment signed by Judge Villarreal.

Rule 185, Tex.R.Civ.P. provides as follows:

"When any action or defense is founded upon an open account . . . and is supported by the affidavit of the party . . . the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, *before an announcement of ready for trial in said cause,* file a *written* denial under oath stating [his defense] . . ."

Although the rule does not specifically say so, it has been held to apply to summary judgment pleadings as well as other pleadings. *Jones v. McSpedden,* 560 S.W.2d 177 (Tex.Civ.App.—Dallas 1977, no writ).

■■ Since appellant did not comply with this rule, he has waived any defects which he might otherwise have pointed out in appellee's pleadings. *M.E. Morgan Co. v. Boise Cascade Corp.,* 583 S.W.2d 436 (Tex. Civ.App.—Texarkana 1979, no writ). We hold therefore that the action of Judge Lankford in making the findings and rulings which he made was proper.

The final judgment signed by Judge Villarreal on September 25, 1981 made findings and a ruling as to attorney's fees only. Appellant's response filed on July 31, 1981 made no reference to appellee's pleadings as

to attorney's fees. We further hold that Judge Villarreal's action in signing the final judgment was proper.

Appellant's fourth point of error is overruled.

The judgment of the trial court is AFFIRMED.