**Darren Ray MIXON, Relator,**

v.

**The Honorable B.D. MOYE, Judge, 76th Judicial District Court, Morris County, Texas, Respondent.**

No. 06–93–00038–CV.

Court of Appeals of Texas, Texarkana.

Aug. 10, 1993.

Frank Supercinski, Longview, for relator.

Danny Woodson, Law Offices of Danny Woodson, Mount Pleasant, for respondent.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Darren Mixon seeks a writ of mandamus directing the Honorable B.D. Moye to vacate temporary orders providing for custody and visitation of Mixon's children. Because we find that Judge Moye rendered the order after he had recused himself from the cause, we conditionally grant the writ.

After Mixon and the children's mother divorced, the children lived with their mother and their maternal grandmother. The mother was killed in a traffic accident. The grandmother, Mrs. Wanda Carson, filed a suit affecting the parent-child relationship in which she sought custody of the children. On May 26, 1993, Judge Moye rendered an order giving Mixon delayed custody of the children and Mrs. Carson very detailed and structured visitation rights. Before signing the order, however, Judge Moye recused himself from the case as well as from other cases in which Mrs. Carson's attorney was involved. Judge Moye held the hearing on the custody and visitation before he recused himself, but the order in question was signed after the recusal and after another judge had been assigned to hear the case. The question is whether Judge Moye was authorized to render the May 26 order.

Our Rules of Civil Procedure provide that if a judge recuses himself, "he . . . shall make no further orders and shall take no further action in the case except for good cause stated in the order in which such action is taken." Tex.R.Civ.P. 18a(c). The order of May 26, 1993, contains no statement of good cause.

■ Mrs. Carson contends that Judge Moye was authorized to render the order because the hearing was held and he pronounced judgment on the matters in a letter to counsel before he recused himself. She argues that the May 26 order was simply a ministerial act by which the prior judgment was reduced to writing.

■ A letter to counsel may constitute the pronouncement of judgment if it is in sufficient detail to state the court's decision on all the matters at issue and is filed with the clerk. *Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56 (Tex.1970); *Abarca v. Roadstar Corp. of America,* 647 S.W.2d 327 (Tex. App.—Corpus Christi 1982, no writ). A letter is not a rendition of judgment if it only indicates the court's intention to render judgment in a certain way and sets out guidelines by which counsel are to draw a judgment. *Ex parte Gnesoulis,* 525 S.W.2d 205 (Tex.Civ. App.—Houston [14th Dist.] 1975, original proceeding). The letter here falls into the latter category. It is not marked as having been filed with the clerk. It consists of one short paragraph and directs counsel to prepare an order awarding custody to Mixon and awarding Mrs. Carson "possessory rights under the guidelines." On the other hand, the May 26 order signed by Judge Moye is ten legal pages long and sets out the court's decision on all issues in great detail, including a denial of court-ordered counseling. Thus, the judgment was not rendered until the May 26 order was signed.

Mrs. Carson also argues that the judge's recusal was not case specific and, furthermore, was revoked before he rendered the judgment. We disagree. In a letter dated May 26, 1993, Judge Moye advised counsel in the case that "[s]ince Mrs. Carson . . . is questioning my ability to be fair in *this matter,* I am going to allow my recusal to stand . . ." (emphasis added).

Because Judge Moye had recused himself before the order complained of was rendered and no fact constituting good cause is stated in the order, it is void and must be set aside. Tex.R.Civ.P. 18a(c); *Dunn v. County of Dallas,* 794 S.W.2d 560 (Tex.App.—Dallas 1990, no writ).

Mixon asks us to rule on the merits of the issues dealt with in the May 26 order. This is an original proceeding dealing only with the court's authority to issue any order in this case after his recusal. We decline to

rule on the merits of the issues because to do so would be to issue an advisory opinion, which we are not permitted to do.

We are confident that Judge Moye will set aside the order in question. Only if he fails to do so will the writ issue.