6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00038-CV


______________________________





IN RE: ADELA WILLIAMS









 


Original Mandamus Proceeding









 
 



Before Ross, Carter, and Cornelius,* JJ.


Memorandum Opinion by Justice Carter




_________________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment







MEMORANDUM OPINION



 Relator, Adela Williams, asks this Court to issue a writ of mandamus directing the Honorable
Ralph Burgess, judge of the 5th Judicial District Court, Bowie County, Texas, to rescind his order
denying her petition for writ of habeas corpus. In that petition, she sought possession of her
fourteen- and fifteen-year-old sons pursuant to the terms of an agreed order on motion to modify,
which was entered by the court of continuing jurisdiction (the 309th Judicial District Court of Harris
County, Texas) on August 17, 1995. 

 Williams executed an affidavit relinquishing her parental rights, and on September 21, 1999,
the 309th Judicial District Court terminated her parental rights. Thereafter, during 2001, she filed
a petition for bill of review in the 309th Judicial District Court. On January 22, 2003, the trial court
entered an order which dissolved the decree of termination. It appears that no appeal was filed from
that order. 

 The trial court also entered a "report" granting the bill of review, entering temporary orders
regarding the children, with the father named sole managing conservator, and mother possessory
conservator with agreed visitation supervised by the father.

 Williams states that she appeared at the real party in interest's residence in Bowie County at
approximately 6:00 p.m. on Friday, March 7, 2003, the beginning of the spring break period, to
obtain possession of the children for that period as allowed by the language of the 1995 order. Her
former husband declined to surrender the children. Williams then contacted her attorney and, on
March 10, filed a petition in the 5th Judicial District Court seeking habeas relief and possession of
the children. 

 The district court conducted a hearing on Tuesday, March 11, 2003, and denied her petition.

 Williams takes the position that the prior order was reinstated by dissolving the termination
order and that she is therefore entitled to possession. 

 We may issue a mandamus to correct the erroneous denial of a writ of habeas corpus seeking
possession of a minor pursuant to a valid court order. See Schoenfeld v. Onion, 647 S.W.2d 954, 956
(Tex. 1983) (orig. proceeding) (per curiam); In re Lau, No. 01-02-00889-CV, 2002 WL 31388914 
(Tex. App.-Houston [1st Dist.] Oct. 24, 2002, orig. proceeding). Habeas proceedings may not be
used to litigate modification of custody orders. Schoenfeld, 647 S.W.2d at 955. 

 Habeas corpus proceedings to regain custody pursuant to a prior court order are governed by
section 157.372(a) of the Texas Family Code:

 Subject to Chapter 152 and the Parental Kidnapping Prevention Act (28 U.S.C.
Section 1738A), if the right to possession of a child is governed by a court order, the
court in a habeas corpus proceeding involving the right to possession of the child
shall compel return of the child to the relator only if the court finds that the relator
is entitled to possession under the order.


Tex. Fam. Code Ann. § 157.372(a) (Vernon 2002). 

 If the 1995 order were the sole document at bar, then the Relator would have shown the
necessary right to possession of the children. However, as set out above, that document was not the
sole document presented to the trial court. At the time that the 309th Judicial District Court, the
court of continuing, exclusive jurisdiction of the children, issued its order vacating the termination
order, the trial court also created a handwritten document entitled "JUDGE'S REPORT." In that
document, the trial court wrote:

 Court grants Bill of Review and enters; sua sponte, temporary orders regarding the
children:

 Father is appointed sole managing conservator; mother possessory. All periods of
possession to be mutually agreed and supervised by Father.


The document is dated and signed by the trial court. Relator argues that this does not constitute a
formal judgment or order and that it is nothing more than a written statement similar to a letter
written to the parties. A letter, or a similar document such as this "report," is not a rendition of
judgment if it only indicates the court's intention to render judgment in a certain way and sets out
guidelines by which counsel are to draw a judgment. Mixon v. Moye, 860 S.W.2d 209, 210 (Tex.
App.-Texarkana 1993, orig. proceeding); Ex parte Gnesoulis, 525 S.W.2d 205 (Tex. Civ.
App.-Houston [14th Dist.] 1975, orig. proceeding). 

 However, if a letter contains the language of command that identifies an order, it is an order
of the court. Gregory v. Foster, 35 S.W.3d 255, 257 (Tex. App.-Texarkana 2000, no pet.). 

 We find that this report is not a statement of future intent to enter an order: it contains
language of command and was entered by the court of continuing jurisdiction over the children. It
contains specific language concerning periods of possession and the method to be used by the mother
to obtain access to the children and sets the conditions on which such possession may occur-mutual
agreement and supervision by the father. Further, it appears from the information elicited at the
hearing that the parties had been acting under the terms set out in the report.

 We therefore have both the 1995 decree and an order changing the visitation provision. As
previously stated, the trial court is required to act when shown by a valid court order that the party
is entitled to possession of the child. Mandamus is proper only if the trial court committed a clear
abuse of discretion that was so arbitrary and unreasonable as to amount to a clear and prejudicial
error of law. M.J.R. v. Vick, 753 S.W.2d 526, 528 (Tex. App.-Fort Worth 1988, orig. proceeding). 
It is not clear from this record that the 1995 order is the presently subsisting and valid final order of
the court of continuing jurisdiction. Therefore, we cannot conclude based on this record that the trial
court abused its discretion by acting outside the bounds of its authority or the statutory framework
governing this type of action. 

 The Relator has not shown herself clearly entitled to the relief sought. The petition for
mandamus is denied.




 Jack Carter

 Justice


Date Submitted: March 13, 2003

Date Decided: March 14, 2003