

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00217-CV

JEFFREY MANN                                                    APPELLANT

V.

DENTON COUNTY, DENTON                                          APPELLEES
COUNTY SHERIFF'S
DEPARTMENT, PAIGE
MCCORMICK, AND
BENNY PARKEY

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2008-30359-211

----------

## MEMORANDUM OPINION[1]

----------

In three issues, appellant Jeffrey Mann appeals the trial court's order that

dismissed his claims against appellees Denton County, Denton County Sheriff's

---

[1]*See* Tex. R. App. P. 47.4.

Department, Paige McCormick, and Benny Parkey. Because we conclude that the trial court's dismissal order is void, we set it aside and dismiss this appeal.

**Background Facts**

In late 2008, appellant, acting pro se, sued appellees civilly. Almost a year later, he amended his pleading. In the amended pleading, he alleged that appellees had failed to return his personal property that was seized in 2002 in connection with criminal charges. Specifically, he pled that in 2003, a trial court had ordered the return of "non-contraband evidence," but appellees had refused to comply with the order despite his prolonged attempts to retrieve the property.[2]

From those allegations, appellant brought several legal claims, including breach of contract, fraud, constructive fraud, breach of fiduciary duty, violation of several constitutional and statutory rights, obstruction of justice, and abuse of process. As relief, he sought, among other requests, damages of more than $10 million and the immediate release of his property.[3] Appellees answered the claims by filing general denials, pleas to the jurisdiction on the basis of sovereign immunity, pleas in abatement on the ground that appellant lacked standing, and affirmative defenses.

In October 2009, the Honorable L. Dee Shipman, who was presiding over the suit, voluntarily recused himself and asked the administrative judge to assign

---

[2]Appellees concede on appeal that "[b]eginning as early as 2004, [appellant] made several efforts to obtain any non-contraband property."

[3]Much of the property has since been destroyed.

a new judge to the case. The administrative judge assigned the Honorable Phillip Vick to preside. Judge Vick signed an order in the case in November 2009.[4]

In March 2013, Judge Shipman signed an order dismissing appellant's remaining claims. The order stated,

> ON THIS 28th day of March, 2013, this case was called on the [court's] dismissal docket. After reviewing the pleadings and record before it, the Court is of the opinion that this Court does not have subject matter jurisdiction. The Court finds that the [appellant has] failed to plead facts affirmatively showing that this trial court has jurisdiction.
>
> IT IS [THEREFORE] ORDERED . . . that [appellant's] cause of action against [appellees] is DISMISSED WITH PREJUDICE to the refiling of the same in any form.

After appellant filed unfruitful postjudgment motions, including a motion in which he argued that Judge Shipman was not authorized to sign the dismissal order, appellant brought this appeal.

## Void Judgment

In his first issue, appellant contends that the trial court's judgment is void because Judge Shipman signed it after he had voluntarily recused himself. He argues that "[o]nce a [j]udge invokes the laws and rules of this [s]tate, he cannot simply side step them at a later time without justification or good cause." We agree.

---

[4]This order dismissed appellant's claims against another defendant and severed those claims into a new cause number.

After a judge is voluntarily or involuntarily recused from a case, the judge generally must not make further orders nor take further action. *See In re Amos*, 397 S.W.3d 309, 314 (Tex. App.—Dallas 2013, orig. proceeding) ("Any involvement by the recused judge after recusal can only disserve the public policy of preserving public confidence in the impartiality of the judiciary."); *Mixon v. Moye*, 860 S.W.2d 209, 210 (Tex. App.—Texarkana 1993, orig. proceeding). In fact, under some circumstances, a judge loses authority to act, at least temporarily, upon a party's motion for recusal. Under rule of civil procedure 18a, when a party files a motion to recuse a judge before evidence has been offered at trial, the judge "must take no further action in the case until the motion has been decided, except for good cause stated in writing or on the record." Tex. R. Civ. P. 18a(f)(2)(A). When a motion to recuse is granted, an administrative judge "must transfer the case to another court or assign another judge to the case." Tex. R. Civ. P. 18a(g)(7).

Typically, any order signed by a recused judge (or a judge against whom a recusal motion is pending) is wholly void and must be set aside. *See In re M.E.H.*, No. 02-02-00376-CV, 2004 WL 1471092, at *2 (Tex. App.—Fort Worth July 1, 2004, no pet.) (mem. op.); *Johnson v. Pumjani*, 56 S.W.3d 670, 672 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("[I]f a trial court fails to comply with the rules governing motions for recusal, all subsequent actions by the court in the case are void."); *Mixon*, 860 S.W.2d at 210; *Dunn v. Cnty. of Dallas*, 794 S.W.2d

4

560, 563 (Tex. App.—Dallas 1990, no writ) (concluding that a summary judgment granted by a recused judge was void).

Appellees recognize that Judge Shipman signed the dismissal order after recusing himself. They argue, however, that in the order, he provided good cause for dismissing the case despite the recusal. According to appellees, this good cause is that

> after five years on the [t]rial [c]ourt's docket there was nothing which [appellant] could have averred which would have overcome [a]ppellees' immunity, the lack of standing, limitations, and various other bars robbing the [t]rial [c]ourt of subject matter jurisdiction. Dismissal with prejudice was proper since leave to amend would not result in any different allegations that would somehow vest the [t]rial [c]ourt with jurisdiction.

In other words, appellees contend that the good cause for Judge Shipman's action despite his recusal is that his decision on the merits of their pleas to the jurisdiction was undoubtedly correct.

Before the 2011 amendment to rule 18a, the rule stated that a judge who entered an order of voluntary recusal could continue to take action in the case upon **"good cause stated in the order in which such action [was] taken."** *See* **Tex. R. Civ. P. 18a(c) (West 2003, amended 2011).** Rule 18a no longer expressly provides that a recused judge may continue taking action upon a showing of good cause. *See* Tex. R. Civ. P. 18a(f)(1) (explaining that the challenged judge must respond to the motion by signing an order of recusal or referring the motion to a regional presiding judge), (2) (contemplating that a judge

5

may continue to take action for good cause before the "motion has been decided").

For the purpose of resolving this appeal efficiently,[5] we will assume, without deciding, that under rule 18a as amended in 2011, a recused judge may still continue taking action in a case upon a showing of good cause. Even so, we cannot conclude that the trial court's dismissal order states the type of "good cause" for continuing to act that rule 18a contemplates. Two decisions from other appellate courts support our conclusion.

In *In re Whatley*, one of our sister courts considered whether a trial judge's orders were void when the judge had signed them despite the pendency of a motion for recusal. No. 14-05-01222-CV, 2006 WL 2257399, at *1 (Tex. App.—Houston [14th Dist.] Aug. 8, 2006, orig. proceeding) (mem. op. on reh'g).[6] A party argued that in the challenged orders, the judge had stated good cause for continuing to act. *Id.* Our sister court disagreed, stating,

> The subject [orders do] not have "good cause" language which might suffice for the trial court to take further action in the face of a pending motion to recuse. Though the . . . orders mention "good cause," the "good cause" required by Rule 18a *must relate to the necessity for taking further action in a case in which a recusal motion is pending, not to any "good cause" that might support the merits of the underlying motion.* Nothing in the orders indicates that the judge appointed guardians in the face of a pending recusal motion, for

---

[5]*See* Tex. R. App. P. 47.1.

[6]On a basis unrelated to the issue in this appeal, the supreme court later disagreed with the granting of relief in *Whatley*. *See Gonzalez v. Guilbot*, 315 S.W.3d 533, 539–40 (Tex. 2010), *cert. denied*, 131 S. Ct. 951 (2011).

example, because circumstances made it necessary to act on this matter without following the regular statutory recusal procedure. Our review of the orders indicates that the "good cause" stated in the orders was included to facilitate appointment of temporary and permanent guardians, and not for the purpose of taking "further action" in a case while a recusal motion was pending. . . . [N]othing in the record of this case [shows] why it was necessary for the judge to rule on the guardianship without first following the recusal-motion procedures outlined in [rule 18a].

*Id.* (emphasis added).

Similarly, in *Johnson v. State Farm Mutual Automobile Insurance Co.*, another sister court considered whether a trial judge erred by granting a motion for summary judgment when a recusal motion was pending. No. 01-97-00298-CV, 1999 WL 164464, at *1 (Tex. App.—Houston [1st Dist.] Mar. 25, 1999, no pet.) (not designated for publication). Although the challenged judge's order stated that the plaintiff's claims were frivolous, did not have a realistic chance of success, and lacked an "arguable basis in law or fact," the appellate court held that this language did not qualify as good cause for the judge's continued actions under rule 18a. *Id.*

Like the courts in *Whatley* and *Johnson*, we conclude that the "good cause" required by rule 18a cannot relate merely to the merits of the challenged judge's action but must instead concern a justification for the challenged judge to act at a specific time rather than waiting for the appropriate judge to act at another time.[7] *See Whatley*, 2006 WL 2257399, at *1; *Johnson*, 1999 WL

_____

[7]Our holding in this regard is particularly apt when, as here, the recused judge's action disposes of all issues in the case.

7

164464, at *1; *cf. In re G.A.*, No. 01-11-00565-CV, 2012 WL 1068630, at *6–7 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, pet. denied) (mem. op.) (holding that a finding of "extraordinary circumstances" to extend an impending dismissal deadline in a suit for the termination of parental rights qualified as good cause under rule 18a for the entry of an extension order by the challenged judge); *In re Toohey*, No. 06-06-00070-CV, 2006 WL 1708655, at *1–2 (Tex. App.— Texarkana June 23, 2006, orig. proceeding) (mem. op.) (concluding that there was good cause for a judge to act despite a pending recusal motion because a party had sought emergency, ex parte relief in a child custody dispute).

Construing rule 18a in the way that appellees propose—justifying a recused judge's action as long as it is decidedly meritorious—would allow the limited good cause exception to engulf the general prohibition against a recused judge's further involvement. *See Mercer v. Driver*, 923 S.W.2d 656, 659 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding) (stating that the good cause exception must be applied in "limited circumstances"); *see also Riga v. Comm'n for Lawyer Discipline*, 224 S.W.3d 795, 797–98 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding that when a recusal motion was pending, the challenged judge's order was void even though, as in this case, the order concerned a ruling on jurisdiction); *Watson v. Thompson*, No. 01-95-00585-CV, 1996 WL 54175, at *1–2 (Tex. App.—Houston [1st Dist.] Feb. 8, 1996, no writ) (not designated for publication) (holding that an order granting summary judgment was void because it was entered while a recusal motion was pending);

8

*Feist v. Sekaly*, 739 S.W.2d 491, 492 (Tex. App.—Beaumont 1987, no writ) ("Appellee further argues that even if the failure to follow [rule 18a] is error, it is harmless error because the summary judgment motion is, as a matter of law, well taken. This is beside the point. If [rule 18a] is mandatory, then it must be complied with.").

Here, the record contains no good cause, as properly contemplated by rule 18a, for Judge Shipman to sign the dismissal order. *See* Tex. R. Civ. P. 18a. In other words, the record does not explain why, after the litigation had been pending for more than four years, circumstances required Judge Shipman to sign the order on March 28, 2013 rather than allowing Judge Vick to consider the parties' arguments on jurisdiction at another time. We therefore sustain appellant's first issue and conclude that the dismissal order is void. *See M.E.H.*, 2004 WL 1471092, at *2; *Mixon*, 860 S.W.2d at 210.

Appellees urge us, even upon our conclusion that Judge Shipman lacked good cause to sign the order, to decide the jurisdictional issues raised in their brief rather than remanding this case to the trial court. They contend that "dismissal is inevitable." But when an appealed-from judgment is void, we have no jurisdiction to address the merits of parties' arguments; rather, we must simply declare the judgment void, vacate it, and dismiss the appeal.[8] *Freedom*

---

[8]We recognize that arguments concerning subject matter jurisdiction may normally be raised for the first time on appeal. *See Univ. of N. Tex. v. City of Denton*, 348 S.W.3d 44, 49 (Tex. App.—Fort Worth 2011, no pet.). But this case

9

*Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012); *Waite v. Waite*, 150 S.W.3d 797, 800 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) ("[I]f . . . the judgment is void, we can go no further*."); see also State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *In re T.D.S.T.*, 287 S.W.3d 268, 272 n.8 (Tex. App.—Amarillo 2009, pet. denied). Accordingly, we decline to address any arguments extraneous to the analysis above.

## Conclusion

Having sustained appellant's first, dispositive issue, we declare the trial court's March 28, 2013 order void, vacate it, and dismiss this appeal. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: October 9, 2014

---

is not properly on appeal; no valid order exists that may be appealed from. Thus, we likewise decline to consider appellant's second and third issues.