**Reversed and Rendered and Opinion filed December 23, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00743-CV

**GENESIS PRODUCING COMPANY, L.P., Appellant**

**V.**

**SMITH BIG OIL CORPORATION, TODD M. SMITH AND JAMES A. WHITSON, JR., Appellees**

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2012-30652**

## O P I N I O N

In this dispute over an assignment of an interest in an oil and gas lease, Genesis Producing Company, L.P., appeals the trial court's judgment granting Smith Big Oil Corporation and Todd M. Smith's summary judgment motion, denying Genesis's summary judgment motion, and striking Genesis's amended petitions. Concluding that Genesis nonsuited its claims before judgment was rendered on the competing summary judgment motions, we reverse and render.

## FACTUAL AND PROCEDURAL BACKGROUND

Genesis is in the business of oil and gas exploration and the purchase and sale of oil, gas, and mineral leases in Texas and other states. J. Morgan Smith (Morgan) owns a majority limited partnership interest in Genesis and his company, J. Morgan Smith, Inc., is its general partner. Todd M. Smith (Todd) is Morgan's son and Smith Big Oil is Todd's company. Unless otherwise indicated, we will collectively refer to Smith Big Oil and Todd as "SBO."

According to Genesis's petition, Genesis's business has declined over time and its assets consist of a few remaining oil, gas, and mineral leases. As business continued to worsen, Genesis owed substantial sums to creditors. Consequently, Genesis entered into several transactions, including a purported assignment to Smith Big Oil of its working interest in an oil and gas lease in Louisiana that is the subject of this lawsuit. The lease contains one producing oil and gas well, which Genesis asserts is Morgan's principal source of personal income. Genesis claims that the assignment was made "solely for the purpose of protecting the income and revenues received on the Lease for the benefit of J. Morgan Smith and protecting same from the claims of certain creditors" of Genesis.

Genesis alleges that the assignment of the lease is invalid because (1) no consideration was paid for it, (2) the assignment was made through error, mistake, or fraud, and (3) the assignment was improperly witnessed and notarized. Genesis also alleges that it entered into this transaction unwittingly and on the advice of one of its officers. Although Genesis demanded that SBO reassign the lease to Genesis, SBO refused. Genesis also demanded that James A. Whitson, Jr., the operator of the well, continue making payments of proceeds from the well to Genesis. In response, SBO's counsel instructed Whitson to continue making all payments to Smith Big Oil.

In 2012, Genesis sued Smith Big Oil, Todd, and Whitson, asserting causes of action for conversion, breach of contract, and declaratory judgment in connection with Genesis's assignment of the lease to Smith Big Oil, and requesting a temporary restraining order and temporary injunction. Shortly after the petition was filed, the trial court signed an order reflecting that SBO agreed to a temporary injunction requiring Whitson to pay certain revenues from the well into the registry of the court during the pendency of the case. EOG Resources, Inc., one of Genesis's creditors, later intervened in the lawsuit, seeking to recover damages for fraudulent transfer against SBO.

In January 2013, Genesis moved for summary judgment. SBO responded and also moved for traditional and no-evidence summary judgment against Genesis. The trial court heard the parties' arguments on their cross-motions on March 25, 2013. On April 11, Genesis filed a first amended petition adding additional causes of action and a new defendant; SBO objected and moved to strike the first amended petition. On April 16, Genesis filed a second amended petition, as well as a motion to extend the pleading deadline. Genesis also moved to strike EOG's intervention, but the trial court denied the motion to strike on April 19 by written order.

On April 22, at 3:44 p.m., the trial court sent the following email to counsel for both parties:

> On Friday the court denied Plaintiff's Motion to Strike the Intervention of EOG Resources, Inc.
>
> Today, the court is denying [Genesis's] Motion for Summary Judgment and granting [SBO's] Motion for Summary Judgment as to Breach of Contract and Conversion of the Lease that is the subject of this lawsuit. The court is denying [SBO's] Motion for Summary Judgment as to proceeds of the lease that are deposited into the registry of the court.

3

Counsel for SBO immediately requested a hearing seeking clarification as to "whether any claims remain for trial" on April 24.

On the morning of April 23, the trial court held a telephonic hearing with the parties which apparently was not recorded. At 12:32 p.m. that same day, Genesis filed a notice of nonsuit of all of its causes of action. Later that afternoon, SBO filed and served a proposed "Final Order on Plaintiff's Claims."

On April 24, the trial court signed the Final Order on Plaintiff's Claims. In the two-page order, the trial court expressly dismissed with prejudice Genesis's claims for breach of contract and conversion, as well as Genesis's "fraud claim, styled as a request for a declaratory judgment." The trial court also specified that it was dismissing with prejudice Genesis's other requests for declaratory judgment concerning failure of consideration, error or mistake, and improper witnessing and notarization, and expressly confirmed that the court was dismissing all of Genesis's claims against Smith Big Oil, Todd, and Whitson. Finally, the trial court denied Genesis leave to amend its original petition or file its first or second amended petitions, and struck Genesis's first and second amended petitions.

On July 19, 2013, the trial court signed a final judgment based on its dismissal of Genesis's claims and a subsequent settlement agreement between EOG and SBO. In the final judgment, the trial court dismissed EOG's claims without prejudice, dissolved the temporary injunction, ordered the release of the funds in the court's registry to a trust account for the benefit of Smith Big Oil, and ordered Whitson to pay a specified amount of all future oil and gas revenues from the lease to the trust.[1] Genesis filed a motion for new trial that was overruled by operation of law, and this appeal followed.

---

[1] Neither Whitson nor EOG are parties to this appeal.

ANALYSIS

In five issues, Genesis complains that the trial court erred in granting summary judgment in favor of Smith Big Oil and Todd on Genesis's claims, denying Genesis's summary judgment motion, denying Genesis's motion for leave to extend the pleading deadline, and striking Genesis's amended petitions. In its second issue, Genesis contends that the trial court erred in rendering judgment after Genesis nonsuited its claims. Because we conclude that this complaint is dispositive, we need not address Genesis's other issues.

A plaintiff may take a nonsuit at any time before it has introduced all of its evidence other than rebuttal evidence. Tex. R. Civ. P. 162. The nonsuit renders the merits of the plaintiff's claims moot. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). The right to take a nonsuit is unqualified and absolute as long as the defendant has not made a claim for affirmative relief. *Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008). But a decision on the merits, including a summary judgment in the defendant's favor, is not vitiated. *See Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995) (per curiam) ("Once a judge announces a decision that adjudicates a claim, that claim is no longer subject to the plaintiff's right to nonsuit.").

Rendition of judgment is "the judicial act by which the court settles and declares the decision of the law upon the matters at issue." *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex. 1970). Generally, a judgment is rendered when the decision is officially announced orally in open court, by written memorandum filed with the clerk, or otherwise announced publicly. *Garza v. Tex. Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 6 (Tex. 2002); *Dibrell*, 450 S.W.2d at 59. Rendition is distinguishable from the entry of judgment, which is a purely ministerial act by which the judgment is made of record and preserved. *Ex*

*parte Gnesoulis*, 525 S.W.2d 205, 209 (Tex. Civ. App.—Houston [14th Dist.] 1975, orig. proceeding).

Although neither party has directed us to a case involving a trial judge's purported ruling communicated by email to the parties, courts have held that a trial court's letter may constitute a rendition of judgment if it is in sufficient detail to state the court's decision on all the matters at issue and is filed with the clerk. *See, e.g.*, *Greene v. State*, 324 S.W.3d 276, 282 (Tex. App.—Austin 2010, no pet.); *Mixon v. Moye*, 860 S.W.2d 209, 210 (Tex. App.—Texarkana 1993, no writ); *Ex parte Gnesoulis*, 525 S.W.2d at 209. Because the rendition of judgment is a present act that decides the issues upon which the ruling is made, the words used by the trial court must clearly indicate its intent to render judgment at that time, rather than in the future. *See S & A Restaurant Corp. v. Leal*, 892 S.W.2d 855, 857–58 (Tex. 1995) (per curiam); *Greene*, 324 S.W.3d at 283. A trial court's letter to the parties is not a rendition of judgment if it merely indicates the court's intention to render judgment in a certain way and sets out guidelines by which counsel are to prepare a judgment. *Mixon*, 860 S.W.2d at 210; *Ex parte Gnesoulis*, 525 S.W.2d at 209.

Genesis argues that because it filed its April 23 nonsuit before the trial court rendered judgment in its April 24 written order, the trial court's April 22 email is ineffective as a ruling on the merits of Genesis's claims. In response, SBO argues that the trial court's email was intended to dismiss all of Genesis's claims. In support of its contention, SBO relies on *Alvarado* and *Curry v. Bank of America* for the proposition that a party cannot nonsuit claims after they have been adjudicated. *See Alvarado*, 892 S.W.2d at 855; *Curry v. Bank of Am., N.A.*, 232 S.W.3d 345, 354 (Tex. App.—Dallas 2007, pet. denied) (citing *Alvarado* and explaining that a party who has had his claims adjudicated unsuccessfully cannot

later nonsuit his claims to avoid the judgment). But SBO's argument assumes that the trial court's email effectively rendered judgment on Genesis's claims. Neither *Alvarado* nor *Curry* involved a dispute concerning whether the trial court adjudicated the plaintiffs' claims prior to nonsuit. *See Alvarado*, 892 S.W.2d at 855; *Curry*, 232 S.W.3d at 354.

At first glance, the trial judge's email purports to deny Genesis's summary judgment motion and grant SBO's motion for summary judgment at least as to Genesis's breach of contract and conversion claims. But, there is not any indication in the record that the email was ever filed with the clerk or otherwise announced publicly. In contrast, the trial court's ruling denying Genesis's motion to strike EOG's intervention—also mentioned in the email—was memorialized in a written order that was signed and filed with the clerk. Additionally, counsel for SBO immediately requested a telephonic hearing seeking "clarification" concerning the email before the start of trial.[2] The written "Final Order on Plaintiff's Claims," signed after Genesis filed its nonsuit, is markedly different from the trial court's earlier email, including numerous additional rulings on matters not previously mentioned in the email and expressly dismissing Genesis's declaratory judgment claims.

Based on the trial court's failure to file the email or otherwise announce its ruling publicly, as well as the differences between the email and the court's subsequent written ruling, we conclude that the email was not a rendition of

---

[2] SBO represents that during the telephone conference, the trial court clarified that it was dismissing all of Genesis's claims, including its declaratory judgment claims, and instructed SBO's counsel to memorialize its rulings in a "Final Order on Plaintiff's Claims" which the trial court ultimately signed. However, there is no record of an oral pronouncement at the telephonic hearing showing that the trial court rendered judgment at that time. *See In re R.A.H.*, 130 S.W.3d 68, 69–70 (Tex. 2004) (per curiam) (holding that judgment was rendered when formal decree of paternity was signed when no record or evidence of an oral pronouncement at earlier hearing existed and the only written memorandum was an unsigned docket sheet).

judgment. *See Garza*, 89 S.W.3d at 6; *cf. Mixon*, 860 S.W.2d at 210 (letter consisting of one short paragraph that was not filed with the clerk and was followed by a later, far more detailed order was not a rendition of judgment). Because the trial court's April 22 email to the parties was insufficient to effectuate a rendition of judgment, Genesis's April 23 nonsuit mooted all of its claims. Consequently, the trial court erred when it subsequently rendered judgment dismissing Genesis's claims with prejudice. We therefore sustain Genesis's issue and reverse and render judgment that Genesis's claims are dismissed without prejudice.

## CONCLUSION

We reverse the trial court's final judgment, signed July 19, 2013, to the extent that the judgment dismisses with prejudice Genesis's claims for breach of contract, conversion, and declaratory judgment. In light of Genesis's nonsuit, we render judgment that these claims asserted by Genesis are dismissed without prejudice.

/s/    Ken Wise
       Justice

Panel consists of Justices Boyce, Busby, and Wise.