# Supreme Court of Texas

————

No. 22-0242

————

Eve Lynn Baker,
*Petitioner*,

v.

Terry Lee Bizzle,
*Respondent*

————

On Petition for Review from the
Court of Appeals for the Second District of Texas

————

**Argued September 13, 2023**

JUSTICE DEVINE delivered the opinion of the Court.

JUSTICE LEHRMANN filed a concurring opinion, in which Justice Busby and Justice Young joined.

JUSTICE YOUNG filed a concurring opinion, in which Chief Justice Hecht and Justice Blacklock joined.

The issue in this divorce proceeding is whether the trial court rendered judgment in an email sent only to the parties' lawyers. The court of appeals held that it did not, and we affirm. "Generally, a judgment is rendered when the [court's] decision is officially announced orally in open court, by memorandum filed with the clerk, or otherwise

announced publicly."[1]  A written or oral ruling shared only with the parties or their counsel in a nonpublic forum is not a public announcement of the court's decision and, therefore, does not constitute a rendition of judgment.

## I. Background

After nearly twenty years of marriage, Eve Lynn Baker (Wife) and Terry Lee Bizzle (Husband) filed cross-petitions for divorce. Because no children were born of the marriage, the divorce action was limited to (1) termination of the marital relationship and (2) division of the marital estate.  Each spouse alleged fault and no-fault grounds for divorce, and both sought a disproportionate share of community property.

The divorce action was tried to the bench on September 17, 2019. Following the close of evidence, the trial court informed the parties that a same-day ruling would not be possible and that the court would "e-mail the parties with the decision" at the end of the following week, at the earliest.  The parties were initially excused, but at their request, the court orally rendered judgment in open court that "[t]he parties are divorced" "as of today" and "entry of the final decree of divorce will be ministerial in nature."  The court's oral pronouncement did not, however, include the grounds on which divorce was granted or purport to divide the marital estate.[2]

---

[1] *Garza v. Tex. Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 6 (Tex. 2002).

[2] *See* TEX. FAM. CODE §§ 6.001–.007 (authorizing courts to dissolve a marriage on satisfaction of statutory requirements), 7.001 (requiring a decree of divorce to include a just-and-right division of the parties' estate).

On October 4, the court sent the following email to the parties' attorneys:

Baker/Bizzle divorce ruling
Granted on the ground of insupportability.

1) Neither party proved by clear and convincing evidence their claims for reimbursement.
2) H cashed out and used his two retirements without proving how much, if any, was separate.
3) W awarded the CD in the amount of $7,745[.]
4) Using wife's Exhibit 1, I believe the only items on the list that are not agreed to were those highlighted on a copy for the court. Those disputed items are awarded to W.
5) Each party keeps the motor vehicles in their possession and any debt thereon.
6) The TN house and its contents with any debts or liens thereon to H. House valued at $98,000[.]
7) The TX house with all contents except those specifically awarded to H. House valued at $217,000. Second mortgage of approximately $35,000 debt to wife.
8) The wife's $12,500 school loan is community debt; awarded to W.
9) H awarded all items listed on H Ex. 3 entitled H's "Requested items from Carrollton Residence", except the Maytag washer & dryer.
10) Each party pays their own attorney's fees, and their own credit card debt, and any lien or other debt encumbering any item they were awarded.

[Wife's counsel] to prepare the Decree. If I have missed something, please visit between yourselves and designate one of you to send an email to me. Please do not send separate emails.

Thank you for your courtesy,
Judge Barnes

The court did not copy the court clerk on this email or otherwise submit it to the clerk for filing or entry in the record.

3

The email did not state a deadline for tendering the written decree, but two months of ostensible inaction prompted the trial court to twice warn the parties that the case would be dismissed for want of prosecution if the decree was not submitted by a certain date. Shortly after the second dismissal notice, Wife passed away on or about December 19, 2019.

A week later, Wife's counsel submitted a fourteen-page final divorce decree accompanied by a motion to sign. Husband responded with a plea in abatement and motion to dismiss, urging that Wife's death had mooted the proceedings and divested the trial court of subject-matter jurisdiction before the court rendered judgment disposing of all contested issues. In support of abatement and dismissal, Husband asserted that (1) a cause of action for divorce does not survive if either spouse dies before rendition of judgment because divorce is "purely personal to the parties";[3] (2) the trial court did not render a full

---

[3] *See Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 784 (Tex. 2006) (noting that a cause of action that is "personal in nature typically does not survive" the death of either party); *Jones v. Jones*, 97 S.W.2d 949, 951 (Tex. [Comm'n Op.] 1936) (describing a divorce action as "purely personal to those parties"); *see also Whatley v. Bacon*, 649 S.W.2d 297, 299 (Tex. 1983) (after a party's death, "a divorce action and its incidental inquiries of property rights and child custody" is abated and must be dismissed); *Garrison v. Tex. Com. Bank*, 560 S.W.2d 451, 453 (Tex. Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.) ("It is well settled that a cause of action for a divorce is purely personal and that the cause of action for a divorce terminates on the death of either spouse prior to the rendition of a judgment granting a divorce. A judgment to be final must dispose of all issues and parties in the case." (internal citations omitted)); *cf.* TEX. R. CIV. P. 150 (a cause of action that survives "may proceed to judgment" and need not be abated or dismissed if a party dies before the court's decision or a verdict "is rendered").

4

and complete disposition of the divorce action before Wife died; and (3) on her death, Wife ceased to have any interest in the divorce action.[4]

The central dispute was whether the trial court had rendered judgment fully resolving the divorce action before Wife died. Husband argued that the trial court had not, so signing the proposed divorce decree would be an untimely, and therefore void, rendition of judgment. Wife's counsel characterized the proposed decree as a "ministerial" memorialization of decisions the court had rendered on September 17 and October 4, which collectively disposed of all claims and finalized the divorce action before Wife's death. The trial court ultimately signed a modified version of Wife's proposed final decree, declaring the parties divorced on insupportability grounds and dividing the marital estate.

The court of appeals reversed and rendered judgment that the postmortem divorce decree was void for want of subject-matter jurisdiction because the trial court had not rendered judgment completely resolving the divorce action before Wife died.[5] In dismissing the case, the appellate court determined that neither the September 17 oral pronouncement nor the October 4 email "either standing alone or in

---

[4] On death, a deceased spouse's separate property and undivided one-half interest in the community estate vest immediately in the decedent's devisees or heirs at law, even as to jointly owned property. *See* TEX. EST. CODE §§ 101.001–.002; *Parr v. White*, 543 S.W.2d 445, 448 (Tex. Civ. App.—Corpus Christi 1976, writ ref'd n.r.e.) ("Upon the death of [wife], her property passed immediately to her heirs at law and/or the beneficiaries of her Will as the case might be."); *see also* TEX. EST. CODE § 201.003(c) (describing a deceased spouse's interest in the community estate as an "undivided one-half interest").

[5] ___ S.W.3d ___, 2022 WL 123216, at *7-8 (Tex. App.—Fort Worth Jan. 13, 2022). Resolving the appeal on jurisdictional grounds, the court did not reach Husband's complaints about the property division. *Id.* at *7.

combination" rendered a full, complete, and final rendition of judgment disposing of the divorce action before Wife's death.[6] In addition to holding that the September 17 oral pronouncement was merely interlocutory,[7] the court agreed with Husband that the language in the October 4 email did not express a present—as opposed to future—intent to render a full, final, and complete judgment.[8] Among other things, the court found it notable that the email's "ten brief rulings" expressly "allowed for the possibility of further rulings and clarifications" if the trial court had "missed something."[9] The opinion also referenced authority requiring a written rendition to be filed with the clerk, but the trial court's failure to file the email was not central to the court's analysis or disposition.[10]

On petition for review, Wife challenges the court of appeals' construction of the October 4 email and asserts that the marriage was dissolved when the trial court fully adjudicated the divorce action in either the October 4 email or through the combined force of the September 17 and October 4 rulings.[11] In addition to urging the email's

---

[6] *Id.* at *7-8.

[7] *Id.* at *3-4 (observing that neither the grounds for divorce nor the property division were delivered orally in open court and that the trial court had "orally reserved ruling on all property issues until a later date").

[8] *Id.* at *7.

[9] *Id.*

[10] *Id.* at *6.

[11] Wife does not dispute that the trial court's September 17 oral pronouncement was interlocutory because the property division remained open at that time. *See* TEX. FAM. CODE § 7.001; *Ex parte Scott*, 123 S.W.2d 306, 313

6

linguistic and substantive sufficiency to effectuate a present, full, and complete rendition of judgment, the petition contends that the trial court publicly announced its October 4 decision by emailing it to the attorneys of record, who then "acknowledged it." Further, or in the alternative, the petition contends that Husband's filing of the October 4 email as an exhibit to a post-judgment motion was a public announcement of the court's decision that "related back" to the date of the email.

## II. Discussion

The issue presented is narrow: does the trial court's October 4 email qualify as a rendition of judgment?

Reducing a decision to final judgment has three phases: (1) rendition; (2) signing; and (3) entry.[12] Rendition and signing are judicial acts that can, but need not, occur at the same time.[13] Entry, on

---

(Tex. 1939) (construing section 7.001's predecessor as mandating division of property in a divorce decree); *R.R. Comm'n of Tex. v. Home Transp. Co.*, 654 S.W.2d 432, 434 (Tex. 1983) (observing that a judgment is final only when it disposes of all issues before it and settles the controversy between the parties); *Vautrain v. Vautrain*, 646 S.W.2d 309, 315-16 (Tex. App.—Fort Worth 1983, writ dism'd) (holding that oral rendition of judgment terminating the marital relationship was "interlocutory" because it did not include a division of the marital estate).

[12] *Burrell v. Cornelius*, 570 S.W.2d 382, 384 (Tex. 1978) ("The day a judge signs an order is frequently, perhaps usually, after the time the judgment is rendered and surely it is before the judgment is entered."); *see Coleman v. Zapp*, 151 S.W. 1040, 1041 (Tex. 1912); *Henry v. Cullum Co.*, 891 S.W.2d 789, 792 (Tex. App.—Amarillo 1995, writ denied).

[13] *Burrell*, 570 S.W.2d at 384 ("Judges render judgment; clerks enter them on the minutes. The entry of a judgment is the clerk's record in the minutes of the court. 'Entered' is synonymous with neither 'Signed' nor

7

the other hand, is a clerical act undertaken by the clerk of the court.[14] A judgment's "rendition" is "the judicial act by which the court settles and declares the decision of the law upon the matters at issue."[15] Rendition of judgment requires a present act, either by spoken word or signed memorandum, that decides the issues on which the ruling is made.[16]   If the judge's words only indicate an intention to render judgment in the future or to provide guidelines for drafting a judgment, the pronouncement cannot be considered a present rendition of judgment.[17]

---

'Rendered.'" (internal citations omitted)); *Henry*, 891 S.W.2d at 792 (distinguishing rendition from judicial signing and clerical entry).

Although judgment can be rendered orally or in writing, certain deadlines—like plenary jurisdiction and the deadline for appealing—run from the date a final judgment is signed. *See* TEX. R. CIV. P. 306a; TEX. R. APP. P. 26.1; *Goff v. Tuchscherer*, 627 S.W.2d 397, 398 (Tex. 1982) (noting that procedural rules providing that appellate steps run from the day the judge signs a judgment, decision, or order "were adopted for the purpose of making more definite the time from which an appeal had to be perfected").  But while the date of signing is critical to a trial or appellate court's jurisdiction, signing does not establish a judgment's effective date for all purposes. *See* TEX. R. CIV. P. 306a; *see also, e.g.*, *In re R.A.H.*, 130 S.W.3d 68, 70 (Tex. 2004) (noting that the "effective date" of a judgment acknowledging or adjudicating fatherhood is the date the judgment was rendered (citing TEX. FAM. CODE § 160.609(b))).

[14] *Supra* note 13.

[15] *Coleman*, 151 S.W. at 1041.

[16] *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex. 1976).

[17] *Id.*; *see S&A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995) (trial court's comments on the record approved a settlement but did not render judgment because the words spoken stated a future intent to render a "full, final, and complete" judgment only by signing the judgment); *Mixon v. Moye*, 860 S.W.2d 209, 210 (Tex. App.—Texarkana 1993, no writ) (holding that the trial court's letter was not a rendition of judgment because "it only indicate[d]

8

Words reflecting the judge's present declaration of a decision are necessary, but not sufficient, to effect the rendition of a judgment. "Generally, a judgment is rendered when the decision is officially announced orally in open court, by memorandum filed with the clerk, or otherwise announced publicly."[18]  For writings, courts have held that a letter to counsel could constitute a pronouncement of judgment if the letter (1) uses language reflecting a present intent to render judgment, (2) provides sufficient detail to state the court's decision on the matters at issue, and (3) is filed with the clerk of court.[19]  Other cases seemingly

---

the court's intention to render judgment in a certain way and set[] out guidelines by which counsel [were] to draw a judgment").

[18] *Garza v. Tex. Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 6 (Tex. 2002).

[19] *See, e.g.*, *Gregory v. Foster*, 35 S.W.3d 255, 256-57 (Tex. App.—Texarkana 2000, no pet.); *see also Genesis Producing Co. v. Smith Big Oil Corp.*, 454 S.W.3d 655, 660 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (email might have rendered judgment except it was never filed with the clerk or otherwise publicly announced and was followed by a written order signed and filed with the clerk); *Key Energy Servs. v. Shelby Cnty. Appraisal Dist.*, 428 S.W.3d 133, 144-45 (Tex. App.—Tyler 2014, pet. denied) (a letter to counsel may constitute pronouncement of judgment "if it is in sufficient detail to state the court's decision on all the matters at issue and filed with the clerk," but the court's letter to counsel met neither standard); *Mixon*, 860 S.W.2d at 210 (unfiled letter to counsel with one short paragraph of general guidance for preparing an order is not a rendition of judgment); *Abarca v. Roadstar Corp. of Am.*, 647 S.W.2d 327, 328 (Tex. App.—Corpus Christi–Edinburg 1982, no writ) (holding a letter to the parties filed with the clerk was a rendition of judgment); *Ex parte Gnesoulis*, 525 S.W.2d 205, 209 (Tex. App.—Houston [14th Dist.] 1975, no writ) (letter to counsel was not a rendition because it was not filed with the clerk and the "very general" provisions, including failure to state which party was granted a divorce, indicated the judge's intent that the letter be guidance for a written judgment, not a rendition).

9

hold, or at least suggest, that letter rulings may suffice even if they are shared only with the parties or their counsel.[20]

In terms of the vehicle, we see little difference between a written memorandum of law and a written letter or email ruling. If a judgment may be rendered in the former as our cases have long held, it can just as surely be rendered in the latter. The form of writing is not important; the critical inquiries concern the court's use of language indicating a present intent to render a full, final, and complete decision and whether the court officially announced that decision publicly.[21] The issue here is not whether an email or letter to counsel is the *kind* of writing by which a judge may render a decision but (1) whether the October 4 email substantively did so and (2) whether a private communication constitutes a public announcement.

In concluding that the October 4 email did not amount to a rendition of judgment, the court of appeals found the email's language

---

[20] *See Estes v. Carlton*, 708 S.W.2d 594, 596-97 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e.) (holding that the trial court's unfiled letter to the attorneys transmitting a signed, but unfiled, judgment was a rendition of judgment); *Ortiz v. O.J. Beck & Sons, Inc.*, 611 S.W.2d 860, 865 (Tex. Civ. App.—Corpus Christi 1980, no writ) (holding that judgment was rendered by letter filed with the clerk but stating, more broadly, that "a decision announced by letter from the court to the parties when no announcement is made in open court or any memorandum filed with the clerk, would constitute rendition"); *see also Rhima v. White*, 829 S.W.2d 909, 913 (Tex. App.—Fort Worth 1992, writ denied) (citing *Estes* for the proposition that an unfiled letter ruling can constitute a rendition of judgment); *Atl. Richfield Co. v. Exxon*, 663 S.W.2d 858, 863 (Tex. App.—Houston [14th Dist.] 1983) (citing *Ortiz* in holding that a trial court decision was "publicly announced" *both* through an initialed docket entry and an ex parte letter to the movant), *rev'd on other grounds*, 678 S.W.2d 944 (Tex. 1984).

[21] *See supra* notes 19 and 20.

insufficient and further mentioned, but did not hang its hat on, the communiqué's private transmission.[22] Without deciding whether the October 4 email was substantively sufficient as a present, complete, and final decision, we find the email fatally deficient as a rendition of judgment because there was no judicial action to publicly announce the court's decision on the matters at issue.

It is undisputed that the trial court did not orally announce, in open court, its decision on the issues addressed in the October 4 email. Nor is it alleged that the court delivered the email to the clerk of the court for filing, entry, or inclusion in the public record or took any actions reasonably calculated to effectuate such delivery. Wife nonetheless asserts that the court's decision was "otherwise announced publicly" in either of two ways: (1) disclosure to counsel of record, who "acknowledged it"; or (2) by attachment to Husband's post-judgment motion to reconsider and vacate the final divorce decree. We disagree on both counts.

Public announcement does not refer to judicial actions that only give notice to the parties or their counsel; it requires judicial action intended to make the decision accessible to the general public. This conclusion comports with the long-articulated requirement that an oral pronouncement of judgment be made *in open court*—rather than privately—or, if made in a memorandum of law, that the court deliver that writing *to the clerk of the court, in his or her official capacity, for*

---

[22] ___ S.W.3d ___, 2022 WL 123216, at *5, *7 (Tex. App.—Fort Worth Jan. 13, 2022).

11

*filing* in the public record.[23] Although "filing" is not the only way a document can be made public, the commonality between these well-settled methods of rendition is official action by the court reasonably calculated to make the decision accessible to the general public.[24] This is no happenstance.

The public generally has a right to access judicial proceedings except for those rare cases in which competing rights or interests outweigh the public's interest.[25] This right, which "is a fundamental element of the rule of law,"[26] is recognized under the common law,[27]

---

[23] *See, e.g.*, *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 59 (Tex. 1970); *Knox v. Long*, 257 S.W.2d 289, 292 (Tex. 1953), *overruled on other grounds by Jackson v. Hernandez*, 285 S.W.2d 184, 191 (Tex. 1955); *Coleman v. Zapp*, 151 S.W. 1040, 1041 (Tex. 1912).

[24] *See Knox*, 257 S.W.2d at 292 (the court's delivery of the official decision to the court clerk imposes a duty on the clerk to enter it "forthwith").

[25] *HouseCanary, Inc. v. Title Source, Inc.*, 622 S.W.3d 254, 267 n.10 (Tex. 2021) (noting that "[p]ublic access to courtrooms themselves is protected by the First Amendment, but like the common-law right of access to records and documents, this right of access is not absolute" and is "subject to reasonable limitations imposed to protect countervailing interests, such as the preservation of trade secrets" (internal quotation marks omitted)); *id.* at 263-64 ("The public's right of access to judicial proceedings is a fundamental element of the rule of law because monitor[ing] the exercise of judicial authority helps maintain[] the integrity and legitimacy of an independent Judicial Branch." (alterations in original) (internal quotation marks omitted)); *see, e.g.*, TEX. FAM. CODE § 105.003(b) (allowing the court in a contested suit affecting the parent–child relationship to "limit attendance at the hearing to only those persons who have a direct interest in the suit or in the work of the court").

[26] *HouseCanary*, 622 S.W.3d at 263 (quoting *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021)).

[27] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public

12

constitutionally guaranteed,[28] and incorporated into our procedural rules requiring court proceedings and court records to be open to the public.[29] In that vein, and particularly germane here, Rule 76a(1) of the Texas Rules of Civil Procedure provides that "[n]o court order or opinion issued in the adjudication of a [civil] case may be sealed." If the court need not make a writing announcing its adjudication available to the general public, that adjudication would effectively be sealed contrary to the rule.[30] To the extent some cases can be read as holding that a private communication can constitute a rendition of judgment, we disapprove them.[31]

We also reject the notion that Husband's attachment of the trial court's email to his post-judgment filing satisfies the requirement of a public announcement. That filing certainly had the effect of making the email part of the public record when it otherwise would not have been and in doing so made it accessible to the general public. But rendition

records and documents, including judicial records and documents." (footnote omitted)).

[28] *HouseCanary*, 622 S.W.3d at 263-64; *see* TEX. CONST. art. 1, § 13 ("All courts shall be open[.]").

[29] *See, e.g.*, TEX. R. CIV. P. 21d(f), 76a, 500.10(e); *see also* TEX. R. JUD. ADMIN. 12, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. F app. (public access to judicial records).

[30] Although "documents filed in an action originally arising under the Family Code" are excluded from the definition of "court records" for purposes of Rule 76a(1)'s standard for sealing court records, Rule 76a(1) is categorical in prohibiting the sealing of any "order or opinion issued in the adjudication of a [civil] case." *See* TEX. R. CIV. P. 76a(1), (2)(a)(3). Discrete exceptions may exist under other law, but no one has argued that the trial court's decision in this case may or must be made privately.

[31] *See supra* note 20.

13

is an *official judicial act*, not something that can be accomplished by the *parties' unilateral or concerted actions* in filing a writing or spreading the word. Aside from the necessity of judicial action as a legal matter, allowing only the trial court's actions to effectuate a rendition encourages communication between the court and counsel while helping to create a more certain line between mere guidance for drafting the judgment and an official rendition of judgment.[32]

Because the trial court did not announce its October 4 decision publicly—whether by oral pronouncement, filing, or otherwise—the court's email did not constitute a rendition of judgment, and Wife's subsequent death divested the trial court of jurisdiction to thereafter render judgment.[33]

### III. Conclusion

Public pronouncement of the trial court's decision is not a mere formalism but, rather, an official judicial action affording the decision legal significance. Because the trial court did not render judgment in the privately communicated October 4 email, the trial court lacked jurisdiction to render judgment in the postmortem final divorce decree.

---

[32] *See United Rentals N. Am., Inc. v. Evans*, 668 S.W.3d 627, 637 (Tex. 2023) ("We should strive throughout the law for easily administrable bright-line rules, which can be followed by parties with confidence and applied by judges with predictability.").

[33] Although the divorce proceedings were not concluded on the merits, neither the property dispute nor Wife's community interest goes away; it just goes somewhere else. That is, Wife's property interests in the marital estate must now be divided and distributed according to Texas probate law rather than in the divorce action. *See* TEX. EST. CODE §§ 101.001–.002.

Though our analysis differs from the court of appeals, we affirm its dismissal judgment.[34]

                                 John P. Devine
                                 Justice

**OPINION DELIVERED:** March 1, 2024

---

[34] This opinion should not be construed as commenting on the unargued issues addressed in Justice Lehrmann's concurring opinion. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 782 (Tex. 2020) (observing that courts serve as neutral arbiters of the issues the parties have framed for decision rather than as advocates who decide cases on unargued points).