**Marjorie Florene GREGORY and Claire S. Foster, Individually and As Representative of the Estate of Henry L. Foster, Jr., Deceased, Appellants,**

v.

**Robert R. FOSTER, Individually and As Representative of the Estate of Henry L. Foster, Sr., Mark Foster and Camille Foster Gianaris, Appellees.**

No. 06–99–00007–CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 5, 2000.

Decided Dec. 21, 2000.

Andrew G. Khoury, Rex A. Nichols Sr., Nichols & Nichols, PC, Longview, for appellant.

Roger W. Anderson, Gillen, Yarbrough & Anderson, PC, Tyler, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Marjorie Florene Gregory appeals from a letter "order" of a County Court at Law which stated that it had determined that a particular legal interpretation would be applied to the evidence in an upcoming trial.

This lawsuit is only a small part of a much larger series of events and multiple filings of lawsuits in connection with the estate of Henry Foster, Sr. In order to provide a context from which to understand the nature of this appeal, we first set out the surrounding events. This case was originally a lawsuit filed in the County Court at Law by Rob Foster, both individually and in his role as a successor independent executor of the estate of Henry Foster, Sr. and others.

Henry Foster, Sr. died in 1966. His estate was never closed. In his will, he gave his son, Hank (Henry Foster, Jr.) and daughter (Marjorie Florene Gregory) life estates in substantial oil and gas properties. Hank was the executor. Hank died in 1994, naming Claire Foster as executrix of his estate. Rob Foster, a grandchild of Henry Foster, Sr. and a child of Hank, was named successor executor of Foster, Sr.'s estate after his father's death.

Rob Foster brought this action against Claire Foster, Hank's surviving wife (and Rob Foster's stepmother), and Marjorie Florene Gregory seeking information about the condition of the estate and an accounting for their use of the corpus of the estate during the course of their life estates—during the preceding thirty years.

Claire Foster and Marjorie Florene Gregory filed a counterclaim. In its final form, that counterclaim seeks to recover from Rob Foster, claiming that Rob Foster has refused to account to Claire Foster for estate property taken under his control, and for wasting and converting the property of the estate through various frivolous lawsuits against them, forcing Claire to expend over $100,000 in attorney's fees in defending his suits against her, which includes an additional suit brought in federal district court which Rob Foster dismissed.

On March 12, 1978, an order was entered dismissing all claims and causes of actions asserted by the plaintiffs against Claire Foster, individually, and Marjorie Florene Gregory. On the same day, an order was entered dismissing the causes of actions asserted by the personal representative of the estate of Henry Foster, Sr. On October 26, 1998, the remaining claims were severed from the dismissed claims. After a settlement, Claire Foster dismissed her claims and is no longer a party to the appeal.

 Gregory has no viable appeal. She is not appealing a dismissal, because her cross-action has never been dismissed. She purports to be appealing a letter ruling by the County Court at Law, but the face of this letter clearly shows that the letter in no way purports to be a judgment of any kind, but constitutes a ruling determining the will is not ambiguous and instructing that the evidence shall be developed and the issues formulated in accordance with the court's interpretation of the will. The letter clearly contemplates future evidence before a fi-

nal judgment is entered in the case. A letter to counsel may constitute the pronouncement of judgment if it is in sufficient detail to state the court's decision on all the matters at issue and is filed with the clerk. *Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56 (Tex.1970); *Abarca v. Roadstar Corp. of Am.,* 647 S.W.2d 327 (Tex.App.—Corpus Christi 1982, no writ). A letter is not a rendition of judgment if it only indicates the court's intention to render judgment in a certain way and sets out guidelines by which counsel are to draw a judgment. *Mixon v. Moye,* 860 S.W.2d 209, 210 (Tex.App.—Texarkana 1993, orig. proceeding); *Ex parte Gnesoulis,* 525 S.W.2d 205 (Tex.Civ.App.—Houston [14th Dist.] 1975, orig. proceeding). Similarly, if a letter contains the language of command that identifies an order, it is an order of the court. *Shubert v. J.C. Penney Co.,* 956 S.W.2d 634, 636 n. 4 (Tex.App.—Texarkana 1997, pet. denied).

■ Generally, only final decisions of trial courts are appealable. *N.E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). Appeals from interlocutory orders are a matter of statutory authorization. *See, e.g.,* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.2000) (authorizing interlocutory appeals of orders). The subject matter of this appeal is not in the nature of an appealable interlocutory order. Our ruling would amount to no more than an advisory opinion. We are prohibited from issuing advisory opinions, the distinctive feature of which is that it decides an abstract question of law without binding the parties. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 444 (Tex.1993); *Coastal Marine Serv. of Texas, Inc. v. City of Port Neches,* 11 S.W.3d 509, 515 (Tex.App.—Beaumont 2000, no pet. h.). Because of the nature of this appeal, to render an opinion would necessarily be advisory in nature. The letter ruling does not constitute a final judgment or an appealable interlocutory order. Marjorie Gregory's attempted appeal from that letter ruling is therefore without effect.

■ After the letter ruling, Gregory had sought and obtained a dismissal of the cause in trial court based on jurisdictional claims, and she has not appealed from the judgment of dismissal or sought a reversal of that judgment. She could not in any event prevail in such a situation because the dismissal was obtained at her request. Accordingly, her attempted appeal of the interlocutory order has not properly invoked the jurisdiction of this court, and we must dismiss for want of jurisdiction.

Although Gregory is the losing party in this appeal, she was not the party who initially brought the appeal. The cross-appellees, Rob Foster, et al., originally filed the appeal seeking reversal of the dismissal below. Foster's appeal, however, was dismissed at his request leaving only Gregory's cross-appeal active. The costs in that dismissal were charged to the party having incurred the same. The cost for this cross-appeal will also be charged to the party incurring the same.

The cross-appeal is dismissed for want of jurisdiction.