Opinion issued July 7, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00329-CV

———————————

Anthony E. Gill, Appellant

V.

Boyd
Distribution Center, Appellee



 



 

On Appeal from the 412th District Court

Brazoria County, Texas



Trial Court Case No. 15846

 



 

MEMORANDUM OPINION

Appellant
Anthony E. Gill appeals from a March 15, 2010 letter from the Judge of the 412th
Judicial District Court of Brazoria County, which Gill characterized as an
appealable order under the turnover statute. 
Because we conclude that letter is not a final appealable order, we
dismiss this appeal.

BACKGROUND

Gill secured a March 14, 2005 default
judgment against Boyd Distributing Center. 
On February 23, 2010, Gill filed in the 23rd District Court of Brazoria
County a “Motion to Enforce Judgment” in which he “seek[s] aid from th[e] Court
in obtaining satisfaction on the judgment . . . pursuant to Tex. Civ. Prac.
& Rem. Code sec. 31.002.”  That
motion states:

Necessary
to enforcing this Court’s judgment issued on 3-14-05 against Boyd Distribution
Center, Gill request[s] a hearing and that findings of fact and conclusions of
law be made on the following issues.

 

1)               
Whether misnomer occurred?

2)               
Whether Gill is entitled to appointment of receiver under Tex. Bus. &
C. Code Sec. 17.59?

3)               
Whether Boyd did function and make decisions through agents legally?

4)               
Who is successor in interest since Boyd has changed its name?

5)               
Whether TDCH is in possession/control of property owned or operated by
Boyd?

 

It is prayed this Court will conduct a hearing,
resolving issues necessary for enforcement of its judgment.    

 

On March 15, 2011, the trial judge
sent a letter to Gill stating:

While
I agree with you that the Court can enter Orders under Civil Practice and
Remedies Code 31.002 and 17.59 of the Bus. & Comm. Code, it is the Court’s
opinion that neither of these provisions allows the Court to do what you ask,
that being to conduct an evidentiary hearing to reform or modify a prior
judgment or to conduct post judgment discovery.

 

Gill filed a notice of appeal
asserting that the judge’s letter “communicated the opinion of the court as to
provisions of the turnover statute, thus it’s an appealable order.”  See,
e.g., Burns v. Miller, Hiersche,
Martens & Hayward, P.C., 909 S.W.2d 505, 506 (Tex. 1995) (holding that
a turnover order is a final, appealable judgment).

In his brief here, Gill argues that
the trial court abused its discretion by ruling “it is the Court’s opinion that
neither of these provisions allows the Court to do what you ask, that being to
conduct an evidentiary hearing to reform or modify a prior judgment or to
conduct post judgment discovery.”  Specifically,
Gill argues that (1) it was “unreasonable for Judge Denman to assume or allude
that Gill’s Motion to Enforce Judgment asked to ‘conduct an evidentiary hearing
to reform or modify a prior judgment,’” and (2) that Judge Denman “failed to
property analyze the law, plainly abusing discretion” by “stipulating in the
court’s opinion that 31.002 did not allow post judgment discovery.”  He requests that this Court order the trial
court “to conduct an evidentiary hearing upon Gill’s Motion to Enforce Judgment
and make findings of fact and conclusions of law on each of the issues therein
presented.”  

ANALYSIS

Section 31.002, the section under
which Gill purports to seek relief, provides:

(a)     A judgment creditor is entitled to aid from a court of
appropriate jurisdiction through injunction or other means in order to reach
property to obtain satisfaction on the judgment if the judgment debtor owns
property, including present or future rights to property, that:

(1)            
cannot readily be attached or levied on by ordinary legal process; and

(2)            
is not exempt from attachment, execution, or seizure for the satisfaction
of liabilities.

. . . .

 

Tex.
Civ. Prac. & Rem. Code § 31.002(a).  

Implicit in
Gill’s argument is the premise that his “Motion for Enforcement” qualified as a
proper application for a turnover order under Section 31.002 and that the court
denied relief on that application.  But Gill’s
motion does not make any request for a turnover order.  Nor does it even allege that Boyd
Distributing Center has a present or future right to property that cannot be
readily attached or levied by ordinary legal process, or identify property that
is not exempt from attachment for the satisfaction of liabilities.  While Gill does request an evidentiary
hearing and findings of fact and conclusion of law, his motion does not tie
those requests to the underlying basis for a turnover order—the existence of nonexempt property that is not
subject to attachment by other legal means. 
Given this, we decline to interpret the trial judge’s letter as a denial
of an application for a turnover order.  By
stating its agreement that “the Court can enter Orders under Civil Practice and
Remedies Code 31.002,” the trial court in fact recognized that it has
jurisdiction over turnover applications, but expressed the view that Gill’s
requested relief did not comport with section 31.002.  

Because we
hold that the letter from which Gill purports to appeal under section 31.002 of
the Texas Civil Practice and Remedies Code is not a final and appealable
turnover order, we lack jurisdiction over this appeal.  E.g., Gregory v. Foster, 35 S.W.3d 255, 256-57
(Tex. App.—Texarkana 2000, no pet.).  

CONCLUSION

We dismiss Gill’s appeal for want of
jurisdiction.  Tex. R. App. P. 42.3.  

     

   


 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Sharp and Brown.