

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-13-00468-CV**


JERRY M. GILBERT                                                                   APPELLANT

V.

RAIN AND HAIL INSURANCE,                                                           APPELLEE
D/B/A ACE INSURANCE
COMPANY, LLP


----------

### FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jerry M. Gilbert filed a pro se notice of appeal attempting to appeal from a May 17, 2013 "Order On Abatement" in which the trial court ordered the parties to arbitration. On January 2, 2014, we notified Gilbert of our concern that we might not have jurisdiction over his appeal because the order did

---

[1]*See* Tex. R. App. P. 47.4.

not appear to be a final judgment or an appealable interlocutory order. We also notified Gilbert of our concern that his appeal was not timely filed; because Gilbert filed a timely motion for new trial, his notice of appeal was due August 15, 2013, but was not filed until December 31, 2013. We stated that unless Gilbert or any party desiring to continue the appeal filed a response on or before January 13, 2014, showing grounds for continuing the appeal, his appeal could be dismissed for want of jurisdiction.

Gilbert timely responded and stated that he was appealing from the trial court's December 10, 2013 decision. We notified Gilbert on January 17, 2014, that we had been informed by the trial court clerk that the trial judge did not sign an order in this case on December 10, 2013, and has not signed an order at any time since; thus, there is no appealable order, and Gilbert's notice of appeal is premature. We permitted the parties until January 31, 2014, to furnish this court with a signed copy of the order that Gilbert seeks to appeal and stated that if no order had been signed and furnished to this court by that date, this appeal could be dismissed. Gilbert timely responded and enclosed a copy of a December 10, 2013 letter from the trial court stating that the court has "come to the conclusion that the Plea in Abatement shall be granted" and requesting Appellee's counsel to prepare an appropriate order.

In general, letters from the court to counsel are not the type of documents that constitute a judgment, decision, or order. *See Goff v. Tuchscherer*, 627 S.W.2d 397, 398–99 (Tex. 1982). Only a letter evidencing a decision actually

2

rendered, describing such decision with certainty as to the parties and the effect, and publicly announcing the entry of such decision by prompt filing possesses all the necessary attributes of an order. *Schaeffer Homes, Inc. v. Esterak*, 792 S.W.2d 567, 569 (Tex. App.—El Paso 1990, no writ); *see also Gregory v. Foster*, 35 S.W.3d 255, 257 (Tex. App.—Texarkana 2000, no pet.) ("A letter is not a rendition of judgment if it only indicates the court's intention to render a judgment in a certain way and sets out guidelines by which counsel are to draw a judgment.").

The December 10, 2013 letter is not file-stamped, and it contemplates the later signing of an order that Appellee's counsel was directed to draft. The December 10, 2013 letter does not possess the necessary attributes of an order and therefore does not constitute an appealable interlocutory order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2013) (listing appealable interlocutory orders); *Prentiss v. Prentiss*, No. 02-10-00213-CV, 2010 WL 3303850, at *1 (Tex. App.—Fort Worth Aug. 19, 2010, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction because there was no final judgment or appealable interlocutory order).

Because there is no final judgment or appealable interlocutory order, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: February 20, 2014

3