

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00127-CV

## IN THE INTEREST OF A.A.A., A CHILD

**From the 378th District Court
Ellis County, Texas
Trial Court No. 83405D**

## MEMORANDUM OPINION

Appellant, Amin A., attempts to appeal from a letter ruling signed March 11, 2016. On April 28, 2016, we notified appellant of our concern that we lack jurisdiction over this appeal because it appears that there is no final judgment or appealable order in this case. Specifically, we mentioned "it appears that there may not be a final, appealable order as there appears only to be a letter from the trial court indicating his intent to sign such an order in the future." Therefore, we requested a response from appellant showing grounds for continuing the appeal. Appellant filed a pro se response, explaining the delay in filing his notice of appeal.[1]

---

[1] Appellant filed his pro se notice of appeal on April 18, 2016.

The letter ruling in this case contemplates future action in this matter by the parties, the attorneys, and the trial court. Generally, only final decisions of a trial court are appealable. *Gregory v. Foster*, 35 S.W.3d 255, 257 (Tex. App.—Texarkana 2000, no pet.) (citing *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966)). Moreover, letters from the court to counsel are not the type of documents that constitute a judgment, decision, or order. *See Goff v. Tuchscherer*, 627 S.W.2d 397, 398-99 (Tex. 1982); *Gregory*, 35 S.W.3d at 257 ("A letter is not a rendition of judgment if it only indicates the court's intention to render a judgment in a certain way and sets out guidelines by which counsel are to draw a judgment."); *see also Gilbert v. Rain & Hail Ins.*, No. 02-13-00468-CV, 2014 Tex. App. LEXIS 1909, at *2 (Tex. App.—Fort Worth Feb. 20, 2014, no pet.) (mem. op.) (per curiam). "Only a letter evidencing a decision actually rendered, describing such decision with certainty as to the parties and the effect, and publically announcing the entry of such decision by prompt filing possesses all the necessary attributes of an order." *Gilbert*, 2014 Tex. App. LEXIS 1909, at *2 (citing *Gregory*, 35 S.W.3d at 257; *Schaeffer Homes, Inc. v. Esterak*, 792 S.W.2d 567, 569 (Tex. App.—El Paso 1990, no writ)).

Because the March 11, 2016 letter ruling contemplates future action by the parties, the attorneys, and the trial court, we cannot say that it possesses the necessary attributes of a *final*, appealable order. *See Aldridge*, 400 S.W.2d at 895; *Gregory*, 35 S.W.3d at 257; *see also Gilbert*, 2014 Tex. App. LEXIS 1909, at *3 ("The December 10, 2013 letter is not file-stamped, and it contemplates the later signing of an order that Appellee's counsel was

directed to draft. The December 10, 2013 letter does not possess the necessary attributes of an order and therefore does not constitute an appealable interlocutory order."); *Prentiss v. Prentiss*, No. 02-10-00213-CV, 2010 Tex. App. LEXIS 6887, at *1 (Tex. App.—Fort Worth Aug. 19, 2010, no pet.) (mem. op.) (per curiam) (dismissing an appeal for want of jurisdiction because there was no final judgment or appealable, interlocutory order). And because there is no final judgment or appealable, interlocutory order, we dismiss this appeal for want of jurisdiction.[2] *See* TEX. R. APP. P. 42.3(a); 43.2(f).

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. *Id.* at R. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); *see* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51,208, 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

AL SCOGGINS
Justice

---

[2] This is not to say that appellant cannot appeal the purported termination of his parental rights to A.A.A. once the mother's attorney finally drafts the order, forwards it to the interested parties, and gets it signed by the trial court, as required by the March 11, 2016 letter ruling from the trial court.

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal dismissed
Opinion delivered and filed May 26, 2016
[CV06]

