

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00409-CV

**LOWELL QUINCY GREEN,**

**Appellant**

 **v.**

**HONORABLE MATT JOHNSON,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2012-709-C2**

## MEMORANDUM OPINION

On December 5, 2016, appellant, Lowell Quincy Green, filed in this Court an original petition under Title 42, Section 1983 of the United States Code against the Honorable Matt Johnson, Judge of the 54th District Court. On December 8, 2016, we notified Green of our concern that we lack jurisdiction over this appeal because it appears that there is no final judgment or appealable order in this case. We requested a response from Green showing grounds for continuing the appeal.

Green filed a pro se response, explaining that his conviction for aggravated robbery should be reversed because "the jury did not express a separate and specific finding of a deadly weapon." Green indicated that his appointed counsel had filed an appeal of Green's conviction, as well as petition for discretionary review with the Court of Criminal Appeals. *See generally Green v. State*, No. 04-13-00456-CR, 2014 Tex. App. LEXIS 1753 (Tex. App.—San Antonio Feb. 19, 2014, pet. ref'd) (mem. op., not designated for publication). The appeal was not successful. *See id.* Green also stated that he has filed numerous other filings, including an application for writ of habeas corpus. Like before, none of these filings has been successful.

Generally, only final decisions of a trial court are appealable. *Gregory v. Foster*, 35 S.W.3d 255, 257 (Tex. App.—Texarkana 2000, no pet.) (citing *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966)). Indeed, the Texas Supreme Court has held that an appeal may be taken only from a final judgment and certain interlocutory orders identified by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); see also *Macon v. Tex. Dep't of Criminal Justice-Inst. Div.*, No. 10-10-00150-CV, 2012 Tex. App. LEXIS 4207, at **2-3 (Tex. App.—Waco May 23, 2012, no pet.) (mem. op.) ("Unless an interlocutory appeal is expressly authorized by statute, we only have jurisdiction over an appeal taken from a final judgment."). In his response, Green does not adequately

demonstrate that he is appealing from a final, appealable order in this matter.[1] Additionally, Green does not explain how this Court has jurisdiction over the filing of an original petition in this Court asserting a Section 1983 claim. Therefore, because there is no final judgment or appealable, interlocutory order, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *Lehmann*, 39 S.W.3d at 195; *see also Macon*, 2012 Tex. App. LEXIS 4207, at **2-3.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); *see* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51,208, 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.


AL SCOGGINS
Justice

---

[1] It appears the "final judgment" about which Green complains is the judgment in the criminal case of his conviction and punishment sentence. It does not appear that there is or was a civil proceeding that proceeded to a final judgment. It further appears Green erroneously believes this appeal is that proceeding. It is not.

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal dismissed
Opinion delivered and filed December 21, 2016
[CV06]

