

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00422-CV

**LOWELL QUINCY GREEN,**

**Appellant**

 **v.**

**TDCJ-ID, ET AL,**

**Appellee**

### From the 12th District Court
### Walker County, Texas
### Trial Court No.

## MEMORANDUM OPINION

On December 13, 2016, appellant, Lowell Quincy Green, filed in this Court an original petition under Title 42, Section 1983 of the United States Code against the State of Texas; Lorie Davis, the Director of the Institutional Division of the Texas Department of Criminal Justice; David Gutierrez, Chairperson; and Warden Kato, Senior Warden of the Coffield Unit. On December 20, 2016, we notified Green of our concern that we lack

jurisdiction over this appeal because it appears that there is no final judgment or appealable order in this case.

Generally, only final decisions of a trial court are appealable. *Gregory v. Foster*, 35 S.W.3d 255, 257 (Tex. App.—Texarkana 2000, no pet.) (citing *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966)). Indeed, the Texas Supreme Court has held that an appeal may be taken only from a final judgment and certain interlocutory orders identified by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); see also *Macon v. Tex. Dep't of Criminal Justice-Inst. Div.*, No. 10-10-00150-CV, 2012 Tex. App. LEXIS 4207, at **2-3 (Tex. App.—Waco May 23, 2012, no pet.) (mem. op.) ("Unless an interlocutory appeal is expressly authorized by statute, we only have jurisdiction over an appeal taken from a final judgment."). Because there is no final judgment or appealable, interlocutory order in this case, we dismiss this appeal for want of jurisdiction.[1] *See* TEX. R. APP. P. 42.3(a), 43.2(f); *Lehmann*, 39 S.W.3d at 195; *see also Macon*, 2012 Tex. App. LEXIS 4207, at **2-3.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); *see* TEX. R. APP. P. 5;

---

[1] It appears the "final judgment" about which Green complains is the judgment in the criminal case of his conviction and punishment sentence. It does not appear that there is or was a civil proceeding that proceeded to a final judgment. It further appears Green erroneously believes this appeal is that proceeding. It is not.

10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51,208, 51.941(a) (West 2013).  Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case.  TEX. R. APP. P. 2.  The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal dismissed
Opinion delivered and filed January 11, 2017
[CV06]

