

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00024-CV

**LOWELL QUINCY GREEN,**

                **Appellant**

 **v.**

**LAWRENCE E. JOHNSON AND STAN SCHWIEGER,**

                **Appellees**

**From the 54th District Court
McLennan County, Texas
Trial Court No.**

## MEMORANDUM OPINION

On January 24, 2017, Lowell Quincy Green filed in this Court an original petition under Title 42, Section 1983 of the United States Code against attorneys Lawrence E. Johnson and Stan Schwieger. On January 26, 2017, we notified Green of our concern that we lack jurisdiction over this appeal because it appears that there is no final judgment or

appealable order in this case. We requested a response from Green showing grounds for continuing the appeal.

Green filed a pro se response, explaining that his conviction for aggravated robbery should be reversed because the State failed to prove that he used a deadly weapon in the commission of a robbery, and because his attorneys at trial and on appeal purportedly did not provide effective assistance of counsel. Green indicated that his appointed counsel has filed an appeal of Green's conviction, as well as petition for discretionary review with the Court of Criminal Appeals. *See generally Green v. State*, No. 04-13-00456-CR, 2014 Tex. App. LEXIS 1753 (Tex. App.—San Antonio Feb. 19, 2014, pet. ref'd) (mem. op., not designated for publication). Neither appeal was successful. *See id.*

Additionally, Green has filed numerous other original petitions in this Court against various parties making the same or substantially similar arguments. *See, e.g., Green v. Johnson*, No. 10-16-00409-CV, 2016 Tex. App. LEXIS 13541 (Tex. App.—Waco Dec. 21, 2016, no pet.) (mem. op.); *Ex parte Green*, Nos. 10-16-00438-CR, 10-16-00439-CR, & 10-16-00440-CR, 2017 Tex. App. LEXIS 194 (Tex. App.—Waco Jan. 11, 2017, no pet. h.) (mem. op., not designated for publication); *Green v. Reyna*, No. 10-16-00421-CV, 2017 Tex. App. LEXIS 284 (Tex. App.—Waco Jan. 11, 2017, no pet. h.) (mem. op.); *Green v. Tex. Dep't of Criminal Justice-Inst. Div.*, No. 10-16-00422-CV, 2017 Tex. App. LEXIS 283 (Tex. App.—Waco Jan. 11, 2017, no pet. h.) (mem. op.). All of these cases were dismissed for want of jurisdiction.

As noted in the prior appeals, only final decisions of a trial court are appealable. *Gregory v. Foster*, 35 S.W.3d 255, 257 (Tex. App.—Texarkana 2000, no pet.) (citing *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966)). Indeed, the Texas Supreme Court has held that an appeal may be taken only from a final judgment and certain interlocutory orders identified by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also Macon v. Tex. Dep't of Criminal Justice-Inst. Div.*, No. 10-10-00150-CV, 2012 Tex. App. LEXIS 4207, at **2-3 (Tex. App.—Waco May 23, 2012, no pet.) (mem. op.) ("Unless an interlocutory appeal is expressly authorized by statute, we only have jurisdiction over an appeal taken from a final judgment."). In his response, Green does not adequately demonstrate that he is appealing from a final, appealable order in this matter. Additionally, Green does not explain how this Court has jurisdiction over the filing of an original petition in this Court asserting a Section 1983 claim.[1] Therefore, because there is no final judgment or appealable, interlocutory order, we dismiss this matter for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *Lehmann*, 39 S.W.3d at 195; *see also Macon*, 2012 Tex. App. LEXIS 4207, at **2-3.

---

[1] Green appears to confuse this Court—a state intermediate appellate court—with that of a trial court. Generally, original petitions for relief are filed in the trial court of appropriate jurisdiction. *See Aguilar v. Weber*, 72 S.W.3d 729, 731 (Tex. App.—Waco 2002, no pet.) ("Appellate court jurisdiction of the merits of a case extends no further than that of the court from which the appeal is taken." (citing *Nabejas v. Tex. Dep't of Pub. Safety*, 972 S.W.2d 875, 876 (Tex. App.—Corpus Christi 1998, no pet.)). It is only from a final judgment from the trial court that we can exercise appellate jurisdiction. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also Macon v. Tex. Dep't of Criminal Justice-Inst. Div.*, No. 10-10-00150-CV, 2012 Tex. App. LEXIS 4207, at **2-3 (Tex. App.—Waco May 23, 2012, no pet.) (mem. op.) ("Unless an interlocutory appeal is expressly authorized by statute, we only have jurisdiction over an appeal taken from a final judgment."). Green erroneously relies on his original criminal conviction as the jurisdictional basis for the original 1983 civil claims he has filed in this Court.

Green v. Johnson, et al.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); *see* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51,208, 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed February 15, 2017
[CV06]

