

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-18-00195-CV

SHEREE FREEMAN AND PHILLIP FREEMAN,

Appellants

v.

CITY OF WAXAHACHIE, TEXAS,

Appellee

From the 40th District Court
Ellis County, Texas
Trial Court No. 97575

**MEMORANDUM OPINION**

Appellants, Sheree and Phillip Freeman, attempt to appeal from a letter signed on

May 28, 2018. On June 26, 2018, we notified appellants of our concern that we lack

jurisdiction over this appeal because it appears that there is no final judgment or

appealable order in this case.[1] Specifically, we mentioned "[b]ecause the May 28, 2018

letter ruling contemplates future action by the parties, the attorneys, and the trial court,

---

[1] Appellee, the City of Waxahachie, Texas, has filed a motion to dismiss also raising this issue. However, in light of our disposition, we dismiss appellee's motion to dismiss as moot.

it does not appear to possess the necessary attributes of a final, appealable order." Therefore, we requested a response from appellants showing grounds for continuing the appeal. Appellants filed a response, arguing that the May 28, 2018 letter satisfies the requirements for an order and, thus, is appealable. We disagree.

Generally, only final decisions of a trial court are appealable. *Gregory v. Foster*, 35 S.W.3d 255, 257 (Tex. App.—Texarkana 2000, no pet.) (citing *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966)). Moreover, letters from the court to counsel are not the type of documents that constitute a judgment, decision, or order. *See Goff v. Tuchscherer*, 627 S.W.2d 397, 398-99 (Tex. 1982); *Gregory*, 35 S.W.3d at 257 ("A letter is not a rendition of judgment if it only indicates the court's intention to render a judgment in a certain way and sets out guidelines by which counsel are to draw a judgment."); *see also Gilbert v. Rain & Hail Ins.*, No. 02-13-00468-CV, 2014 Tex. App. LEXIS 1909, at *2 (Tex. App.—Fort Worth Feb. 20, 2014, no pet.) (mem. op.) (per curiam). "Only a letter evidencing a decision actually rendered, describing such decision with certainty as to the parties and the effect, and publically announcing the entry of such decision by prompt filing possesses all the necessary attributes of an order." *Gilbert*, 2014 Tex. App. LEXIS 1909, at *2 (citing *Gregory*, 35 S.W.3d at 257; *Schaeffer Homes, Inc. v. Esterak*, 792 S.W.2d 567, 569 (Tex. App.—El Paso 1990, no writ)).

In its May 28, 2018 letter, the trial court stated the following:

As to the first issue above, the trial court issues this memorandum ruling and finding that Plaintiffs failed to give adequate pre-suit notice (i.e., the

> 60-day period provided by the City's charter) under Section 101.101(b) of the TTCA, and Plaintiffs have not argued, or presented any evidence of, the City having actual notice under Section 101.101(c), and accordingly, on this basis alone the City's original Plea to the Jurisdiction (as further supplemented, explained, and argued within City's additional briefing) is *granted*.
>
> It is the trial court's preference that the preceding ruling remain interlocutory until such time as a formal final order is signed, disposing of the remaining five legal issues identified above.
>
> In furtherance of the most productive use of resources on the part of the litigants, the attorneys, and the trial court—all jurisdictional issues should be addressed in a single appeal.

(Emphasis in original.) We find this language to contemplate future action by the parties, the attorneys, and the trial court. In other words, the trial court's May 28, 2018 letter requested future action from the parties—including allowing appellants to obtain a deposition they requested—and specifically indicated the trial court's intent to address all jurisdictional issues at one time, in one order—something that has not happened yet.

Accordingly, we conclude that the trial court's May 28, 2018 letter does not possess the necessary attributes of a final, appealable order. *See Goff*, 627 S.W.2d at 398-99; *Aldridge*, 400 S.W.2d at 895; *Gregory*, 35 S.W.3d at 257 ("A letter to counsel may constitute the pronouncement of judgment if it is in sufficient detail to state the court's decision on all the matters at issue and is filed with the clerk. . . . Similarly, if a letter contains the language of command that identifies an order, it is an order of the court." (internal citations omitted)); *see also In re Johnson*, No. 10-17-00302-CV, __ S.W.3d __, 2018 Tex. App. LEXIS 2071, at **5-9 (Tex. App.—Waco Mar. 21, 2018, no pet.) (orig. proceeding)

(determining that language in a letter indicating future action to be taken for signature of the ruling makes it clear that the letter is not intended as the formal ruling or judgment of the court). And because there is no final judgment or appealable, interlocutory order, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

                              AL SCOGGINS
                              Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal dismissed
Opinion delivered and filed July 25, 2018
[CV06]

