

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00046-CV

**LOWELL QUINCY GREEN,**

                                          **Appellant**

 **v.**

**THE DEPT. OF CORRECTION,**

                                          **Appellee**

### From the 160th District Court
### Dallas County, Texas
### Trial Court No. 3:18-CV-2118-B (BT)

## MEMORANDUM OPINION

On February 7, 2019, Lowell Quincy Green filed in this Court what appears to be an appeal from a judgment entered by a United States District Judge for the Northern District of Texas-Dallas Division.[1] On February 19, 2019, we notified Green of our concern that we lack jurisdiction over this appeal because it appears that there is no final judgment or appealable order in this case, and because we lack jurisdiction over a judgment entered

---

[1] Appellant's notice of appeal contains several deficiencies. *See* TEX. R. APP. P. 9.5, 25.2(d). We utilize Rule 2 and suspend Rules 9.5 and 25.2(d) to expedite a disposition of this proceeding. *See id.* at R. 2.

by a federal district court. We requested a response from Green showing grounds for continuing the appeal. On March 5, 2019, Green answered by filing a lengthy document that fails to explain how this Court has jurisdiction over a judgment entered by a federal district court.[2]

Only final decisions of a trial court are appealable. *Gregory v. Foster*, 35 S.W.3d 255, 257 (Tex. App.—Texarkana 2000, no pet.) (citing *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966)). Indeed, the Texas Supreme Court has held that an appeal may be taken only from a final judgment and certain interlocutory orders identified by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also Macon v. Tex. Dep't of Criminal Justice-Inst. Div.*, No. 10-10-00150-CV, 2012 Tex. App. LEXIS 4207, at \*\*2-3 (Tex. App.—Waco May 23, 2012, no pet.) (mem. op.) ("Unless an interlocutory appeal is expressly authorized by statute, we only have jurisdiction over an appeal taken from a final judgment."). Furthermore, under the Texas Constitution, this Court's appellate jurisdiction is limited to: (1) cases arising from our district, which is comprised of "the counties of Bosque, Burleson, Brazos, Coryell, Ellis, Falls, Freestone, Hamilton, Hill, Johnson, Leon, Limestone, Madison, McLennan, Navarro, Robertson, Somervell, and Walker," TEX. GOV'T CODE ANN. § 22.201(k) (West Supp. 2018); and (2) "cases of which

---

[2] Based on the content of the document, it is difficult for the Court to understand Green's arguments or to even describe or characterize the document or its purpose.

the state district courts or county courts have original or appellate jurisdiction." *See* TEX. CONST. art. V, § 6.

In the instant case, Green attempts to appeal from a judgment that was not entered by a state district court or county court in this Court's district; rather, he appeals from a judgment entered by a federal district court in Dallas, Texas. Accordingly, we conclude that we lack jurisdiction to review this filing. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.201(k); *see also Lehmann*, 39 S.W.3d at 195; *Gregory*, 35 S.W.3d at 257. We therefore dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.201(k); *see also Lehmann*, 39 S.W.3d at 195; *Gregory*, 35 S.W.3d at 257.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); *see* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51,208, 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Appeal dismissed
Opinion delivered and filed March 20, 2019
[CV06]

