

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00047-CV

**LOWELL QUINCY GREEN,**

                                                  **Appellant**

 **v.**

**STAN SCHWIEGER AND LAWRENCE E. JOHNSON,**

                                                  **Appellees**

---

**From the 414th District Court**
**McLennan County, Texas**
**Trial Court No. 2012-709-C2**

---

## MEMORANDUM OPINION

---

On February 7, 2019, Lowell Quincy Green filed in this Court what appears to be an original petition seeking $5 million in damages from Stan Schwieger and Lawrence E. Johnson.[1] On February 19, 2019, we notified Green of our concern that we lack jurisdiction over this appeal because it appears that there is no final judgment or appealable order in this case. We requested a response from Green showing grounds for

---

[1] Appellant's notice of appeal contains several deficiencies. *See* TEX. R. APP. P. 9.5, 25.2(d). We utilize Rule 2 and suspend Rules 9.5 and 25.2(d) to expedite a disposition of this proceeding. *See id.* at R. 2.

continuing the appeal to be filed within twenty-one days of February 19, 2019. On March 14, 2019, Green answered by filing a lengthy document that fails to explain how this Court has jurisdiction in this matter.[2]

Only final decisions of a trial court are appealable. *Gregory v. Foster*, 35 S.W.3d 255, 257 (Tex. App.—Texarkana 2000, no pet.) (citing *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966)). Indeed, the Texas Supreme Court has held that an appeal may be taken only from a final judgment and certain interlocutory orders identified by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also Macon v. Tex. Dep't of Criminal Justice-Inst. Div.*, No. 10-10-00150-CV, 2012 Tex. App. LEXIS 4207, at **2-3 (Tex. App.—Waco May 23, 2012, no pet.) (mem. op.) ("Unless an interlocutory appeal is expressly authorized by statute, we only have jurisdiction over an appeal taken from a final judgment."). In his response, Green does not adequately demonstrate that he is appealing from a final, appealable order in this matter. Additionally, Green does not explain how this Court has jurisdiction over the filing of an original petition in this Court asserting a claim for $5 million in damages. Therefore, because there is no final judgment or appealable, interlocutory order, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *Lehmann*, 39 S.W.3d at 195; *see also Macon*, 2012 Tex. App. LEXIS 4207, at **2-3.

---

[2] Based on the content of the document, it is difficult for the Court to understand Green's arguments or to even describe or characterize the document or its purpose. The same is true for Green's February 7, 2019 filing.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); *see* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51,208, 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Neill
Appeal dismissed
Opinion delivered and filed April 3, 2019
[CV06]

