

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00106-CV

LOWELL QUINCY GREEN,

                                        Appellant

 v.

LAWRENCE E. JOHNSON, THE CITY OF WACO,
JON GIMBLE, MCCREARY, VESELKA, BRAGGS
& ALLEN, P.C., ROBERT L. MEYER,
AND LINDA BARNES

                                        Appellees

From the 414th District Court
McLennan County, Texas
Trial Court No. 2012-709-C2

## MEMORANDUM OPINION

On March 27, 2019, Lowell Quincy Green filed in this Court what appears to be an

original petition seeking $3 million in damages from Lawrence E. Johnson; $3 million in

damages from the City of Waco and McLennan County District Clerk Jon R. Gimble; and

$750,000 against Gimble, McCreary, Veselka, Braggs, and Allen, P.C., Robert L. Meyer,

and Linda Barnes.[1]  Only final decisions of a trial court are appealable.  *Gregory v. Foster*, 35 S.W.3d 255, 257 (Tex. App.—Texarkana 2000, no pet.) (citing *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966)).  Indeed, the Texas Supreme Court has held that an appeal may be taken only from a final judgment and certain interlocutory orders identified by statute.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also Macon v. Tex. Dep't of Criminal Justice-Inst. Div.*, No. 10-10-00150-CV, 2012 Tex. App. LEXIS 4207, at **2-3 (Tex. App.—Waco May 23, 2012, no pet.) (mem. op.) ("Unless an interlocutory appeal is expressly authorized by statute, we only have jurisdiction over an appeal taken from a final judgment.").  Because Green does not appeal from a final judgment or appealable, interlocutory order in this matter, we dismiss this appeal for want of jurisdiction.[2]  *See* TEX. R. APP. P. 42.3(a), 43.2(f); *Lehmann*, 39 S.W.3d at 195; *see also Macon*, 2012 Tex. App. LEXIS 4207, at **2-3.

---

[1] Appellant's notice of appeal contains several deficiencies.  *See* TEX. R. APP. P. 9.5, 25.2(d).  We utilize Rule 2 and suspend Rules 9.5 and 25.2(d) to expedite a disposition of this proceeding.  *See id.* at R. 2.  Moreover, based on the content of the document, it is difficult for the Court to understand Green's arguments or to even describe or characterize the document or its purpose.

[2] We recognize that Texas Rule of Appellate Procedure 42.3 states that an appellate court may involuntarily dismiss an appeal for lack of jurisdiction after giving a party ten days' notice.  *See id.* at R. 42.3(a).  Green has filed numerous original petitions in this Court, and in those cases, we have given him twenty-one days to explain how this Court has jurisdiction over original petitions filed in an appellate court.  Green has been unable to explain how this Court has jurisdiction over original petitions filed in an appellate court because there is nothing in the law that vests this Court with jurisdiction over these types of filings.  Therefore, asking for yet another response is an exercise in futility.  Accordingly, we utilize Rule 2 to suspend the ten-day notice requirement in Rule 42.3.  *See id.* at R. 2.  Moreover, for a warning regarding sanctions in the event Green continues to file frivolous proceedings in this Court, see *Green v. State*, No. 10-19-00056-CV, 2019 Tex. App. LEXIS ____ (Tex. App.—Waco Apr. 3, 2019, no pet. h.) (mem. op.).

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); *see* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51,208, 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Appeal dismissed
Opinion delivered and filed April 3, 2019
[CV06]

