

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-20-00026-CV**

**EX PARTE LOWELL QUINCY GREEN**

**Original Proceeding**

## OPINION AND PREFILING ORDER

Dear Mr. Green:

By many different documents you have sent to this Court, it appears you have attempted to sue someone for damages.[1] You have sent these documents directly to this Court making a variety of claims against a variety of persons. But this Court, the Tenth Court of Appeals, is an appellate court. We have repeatedly told you, and held in countless opinions, that we only have jurisdiction as an appellate court to review a final judgment of a trial court.

---

[1] In this proceeding, we are unable to determine who you have attempted to sue for $15,000,000. You mention four names: Governor Greg Abbott, Attorney General Ken Paxton, Attorney Courtney Brooke Corbellas, and District Judge Matt Johnson. We are unable to determine which, if any, of these people should be identified as a defendant, appellee, or real party in interest. Accordingly, we have styled this as an original proceeding to facilitate the processing of this proceeding.

When you file a claim directly with this Court seeking damages from someone, we have no choice but to dismiss your claim because we have no jurisdiction to decide the issue. You have done this so often, and we dismissed so many of your proceedings, that you cannot believe that this type of complaint is going to be considered by this Court. There is simply no good faith basis for you to believe that we can or will render a judgment on the merits of your claim. In the past, we have even asked for clarification of your pleading or an explanation of why we would have jurisdiction to consider it. We have never received a response that is helpful for us to understand the basis of your claims or your repeated filing of such claims directly in this Court.

This Court has been extraordinarily patient with you. But this is the end. Your document, which appears to have been signed on January 5, 2020 and which we received on January 14, 2020, is the last such "complaint" that this Court will file. As with so many other complaints that you have filed here, we dismiss this one also because there can be no final judgment because you never filed this complaint in the trial court. Accordingly, this proceeding is dismissed for want of jurisdiction.

Pursuant to our inherent authority, the Court orders the Clerk of this Court to not file any new claims, appeals, or other proceedings received from you until it has been approved for filing by the Chief Justice of this Court or the designee of the Chief Justice of this Court. The Clerk of this Court is further ordered to create a miscellaneous documents file in which anything we receive from you will be placed after it is received

and reviewed, unless the Chief Justice or the designee of the Chief Justice orders it filed as a new proceeding.[2]

Your repeated action of filing numerous wholly frivolous claims that have no basis in law or fact and asking this Court to take any action thereon leaves us no available alternative.[3] We find your repeated action in filing these frivolous proceedings has no legitimate basis and is for the sole purpose of wasting this Court's time and other resources and to harass both this Court and the litigants that you purport to make claims against.

The manner and method of your conduct in filing these meritless proceedings here may not fit within the statutory definition of a vexatious litigant, but by every non-statutory definition, we find that is precisely what you are.

In summary, the Clerk of this Court will no longer file your documents, or create a new proceeding with you as the appellant/relator/petitioner/applicant, unless and until the Chief Justice of this Court or the designee of the Chief Justice of this Court has reviewed it and determined that it should be filed.

We take no pleasure in taking this action. But at some point, we must take some

---

[2] This process will be utilized on your document dated January 14, 2020 and received on January 21, 2020 in which you appear to complain about and seek discovery from a number of persons and entities including UTMB-CMC-TDJC, Texas Tech, Ken Paxton, Courtney Brooke Corbellas, Greg Abbott, Pamela Theikle, Bryan Collier, Lorie Davis, Polunsky Unit, LVN A. Lindley, LVN Kim Rend Fleisch, Dr. Carter, Dr. Baker, Dr. Marks, Matt Johnson, and Jon Gimble.

[3] Attached to this Opinion and Prefiling Order is a copy of a prior order of the Court issued in another proceeding on October 1, 2019 which lists the many proceedings that you have previously filed.

action to protect our limited resources from waste and abuse so that persons with non-frivolous claims may obtain the review to which they are entitled.

You have the right to explain in a motion for rehearing why you feel we should not take the above described actions at this time in response to what you have filed in this proceeding and in previous proceedings filed in this Court. Your motion for rehearing or a motion for extension of time to file a motion for rehearing must be filed by March 19, 2020.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Pet. dismissed
Opinion delivered and filed March 4, 2020
[OT06]



# APPENDIX



# TENTH COURT OF APPEALS

**Chief Justice**
*Tom Gray*

**Justices**
*Rex D. Davis*
*John E. Neill*

McLennan County Courthouse
501 Washington Avenue, Rm. 415
Waco, Texas 76701-1373
Phone: (254) 757-5200      Fax: (254) 757-2822

**Clerk**
*Nita Whitener*

October 1, 2019

Lowell Quincy Green
TDCJ #00518622
Polunsky Unit
3872 FM 350 S
Livingston, TX 77351

**RE:**      Court of Appeals Number:   10-16-00438-CR, 10-16-00439-CR, 10-16-00440-CR
Trial Court Case Number:   2012-709-C2, 2012-790-C2, 2012-791-C2

**STYLE:**   Ex parte Lowell Quincy Green

On September 6, 2019, we received a document filed by Lowell Quincy Green in appellate cause numbers 10-16-00439-CR and 10-16-00440-CR. We received an additional filing from Green in appellate cause number 10-16-00438-CR, on September 16, 2019. It is not clear from either of these documents as to the nature of Green's complaints. Nevertheless, below is what we believe is a complete list of the proceedings that Green has initiated in this Court:

| Cause Number | Style of the Case | Tenth Court of Appeals Judgment issued | Mandate Issued |
|---|---|---|---|
| 10-16-00409-CV | Green v. Honorable Matt Johnson | December 21, 2016 | May 8, 2017 |
| 10-16-00421-CV | Green v. District Attorney Abel Reyna & Sterling Harmon | January 11, 2017 | May 8, 2017 |
| 10-16-00422-CV | Green v. State of Texas, Lorie Davis, David Gutierrez, and Warden Kato | January 11, 2017 | May 8, 2017 |
| 10-16-00438-CR 10-16-00439-CR 10-16-00440-CR | Ex parte Green | January 11, 2017 | April 11, 2017 |

| | | | |
|---|---|---|---|
| 10-17-00004-CV | Green v. Honorable Matt Johnson, City of Waco, Detective Manuel Chavez, Officer Jason Davis, Officer Erin Newton, | March 15, 2017 | May 16, 2017 |
| | Office Craig Stone, District Attorney Abel Reyna, Brandon Luce, and Lawrence E. Johnson | | |
| 10-17-00010-CV | Green v. Lorie Davis & David Gutierrez | March 8, 2017 | May 9, 2017 |
| 10-17-00024-CV | Green v. Lawrence E. Johnson & Stan Schwieger | February 15, 2017 | May 18, 2017 |
| 10-17-00066-CV | In re Green | March 22, 2017 | N/A |
| 10-17-00198-CV | Green v. Lorie Davis & David Gutierrez | September 6, 2017 | December 27, 2017 |
| 10-17-00304-CR | Green v. The State of Texas | October 25, 2017 | December 22, 2017 |
| 10-17-00327-CR & 10-17-00328-CR | Ex parte Green | October 25, 2017 | December 22, 2017 |
| 10-17-00362-CV | Green v. Lorie Davis & Davis Gutierrez | December 13, 2017 | April 16, 2018 |
| 10-17-00367-CV | In re Green | November 22, 2017 | N/A |
| 10-17-00423-CR | In re Green | January 3, 2018 | N/A |
| 10-18-00045-CV | Green v. The Honorable Matt Johnson | Case transferred to 12th Court of Appeals | |
| 10-18-00248-CV | In re Green | Case transferred to 12th Court of Appeals | |
| 10-19-00017-CR | In re Green | January 30, 2019 | N/A |
| 10-19-00046-CV | Green v. The Department of Corrections | March 20, 2019 | May 21, 2019 |
| 10-19-00047-CV | Green v. Stan Schwieger & Lawrence E. Johnson | April 3, 2019 | June 4, 2019 |
| 10-19-00055-CV | In re Green | February 27, 2019 | N/A |
| 10-19-00056-CV | Green v. The State of Texas, et al. | April 3, 2019 | June 4, 2019 |
| 10-19-00100-CV | Green v. Brandon Luce, Abel Reyna, Landon Ramsey & Lawrence E. Johnson | April 3, 2019 | June 4, 2019 |
| 10-19-00101-CV | Green v. Courtney Brooke Corbello, Greg Abbott, & W. Ken Paxton | April 3, 2019 | June 4, 2019 |
| 10-19-00106-CV | Green v. Lawrence Johnson, the City of Waco, Jon Gimble, McCreary, Veselka, Braggs & Allen, P.C., Robert L. Meyer & Linda Barnes | April 3, 2019 | June 4, 2019 |

As shown above, appellate cause numbers 10-16-000438-CR, 10-16-00439-CR, and 10-16-00440-CR were dismissed for want of jurisdiction on January 11, 2017, and the mandate issued on April 11, 2017. Despite this, Green has made it a habit to continually raise the same incoherent and incomprehensible issues in appellate cause numbers that have been resolved and closed. We have informed Green on numerous occasions that we lack jurisdiction over suits originally filed in this Court. See, e.g., Green v. State, No. 10-19-00056-CV, 2019 Tex. App. LEXIS 2657, at **1-2 (Tex. App.—Waco Apr. 3, 2019, no pet.) (mem. op.). However, Green has responded by repeatedly filing additional original suits in this Court raising the same incoherent and incomprehensible issues, but merely changing the parties in the style of the case. These actions do not change the fact that we lack jurisdiction over Green's original petitions filed in this Court. See Gregory v. Foster, 35 S.W.3d 255, 257 (Tex. App.—Texarkana 2000, no pet.) (citing N.E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966) (noting that only final decisions of a trial court are appealable); see also Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001) (holding that an appeal may be taken only from a final judgment and certain interlocutory orders identified by statute). Furthermore, these actions have continued for the past three years and have wasted countless hours of scarce Court time and other resources.

Therefore, we find Green's actions to have caused a complete waste of judicial resources as to constitute an abuse of the judicial process for which Green may be sanctioned. See, e.g., Green, 2019 Tex. App. LEXIS 2657, at **3-4. In accordance with our April 3, 2019 opinion, we hereby order the Clerk to provide notice of this order to the appropriate offices at the Texas Department of Criminal Justice, including the Correctional Institutions Division and the Parole Division, for consideration of the forfeiture of Green's good-time credits pursuant to section 498.0045(b) of the Texas Government Code. See id. at **4-5 (citing TEX. GOV'T CODE ANN. § 498.0045(b) (West 2012); Johnson v. Peeples, 399 S.W.3d 348, 352 (Tex. App.—Waco 2013, no pet.)).

In addition to the foregoing, we inform Green that, absent legitimate claims, we will take no further action on any future filings. We will no longer respond to any of Green's filings, absent any legitimate claims he may file. It is so ordered.

NITA WHITENER, CLERK

By: _Jessica Breda_____
Jessica Breda, Deputy Clerk

CC:  Hon. Matt Johnson (DELIVERED VIA E-MAIL)
     Barry N. Johnson (DELIVERED VIA E-MAIL)
     Jon Gimble (DELIVERED VIA E-MAIL)
     Bryan Collier
     Lorie Davis
     Pamela Thiekle