

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00357-CV

**BILLY RAY WALKER,**

**Appellant**

**v.**

**CORRECT CARE SOLUTIONS,**

**Appellee**

### In the United States District Court
### For the Western District of Texas, Waco Division
### Trial Court No. W-21-CA-1293-ADA

## MEMORANDUM OPINION

Inmate Billy Ray Walker filed a pro se civil-rights complaint pursuant to 42 U.S.C.

§ 1983 in the United States District Court for the Western District of Texas, Waco Division.

The federal district judge dismissed Walker's complaint because he has filed at least three

civil actions or appeals that have been dismissed as frivolous, malicious, or for failure to

state a claim, and because Walker did not demonstrate that he is in "imminent danger or

serious physical injury" due to purported failures of medical staff and jailers.

On December 27, 2021, Walker filed a pro se notice of appeal in this Court seeking to challenge the order of dismissal signed by the federal district judge.  Because we lack jurisdiction over a ruling made by a federal district court, we dismiss Walker's appeal.

Only final decisions of a trial court are appealable.  *Gregory v. Foster*, 35 S.W.3d 255, 257 (Tex. App.—Texarkana 2000, no pet.) (citing *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966)).  Indeed, the Texas Supreme Court has held that an appeal may be taken only from a final judgment and certain interlocutory orders identified by statute.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  Furthermore, this Court's appellate jurisdiction is limited to:  (1) cases arising from our district, which is comprised of "the counties of Bosque, Burleson, Brazos, Coryell, Ellis, Falls, Freestone, Hamilton, Hill, Johnson, Leon, Limestone, Madison, McLennan, Navarro, Robertson, Somervell, and Walker,"  TEX. GOV'T CODE ANN. § 22.201(k); and (2) "cases of which the state district courts or county courts have original or appellate jurisdiction."  *See* TEX. CONST. art. V, § 6.

Here, Walker attempts to appeal from a judgment that was not entered by a state district court or county court in this Court's district; rather, he appeals from a judgment entered by a federal district court.  We conclude that we lack jurisdiction to review this appeal.  *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.201(k); *see also Lehmann*, 39 S.W.3d at 195; *Gregory*, 35 S.W.3d at 257.  We therefore dismiss this appeal for want of

jurisdiction.[1]  *See* TEX. R. APP. P. 42.3(a), 43.2(f); TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.201(k); *see also Lehmann*, 39 S.W.3d at 195; *Gregory*, 35 S.W.3d at 257.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing.  TEX. R. APP. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (amended Aug. 28, 2007, eff. Sept. 1, 2007); *see* TEX. R. APP. P. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51.208, 51.941(a).  Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case.  TEX. R. APP. P. 2.  The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson,
     and Justice Smith
Dismissed
Opinion delivered and filed January 5, 2022
[CV06]



---

[1] So as to not interfere with or impede any appellate rights Walker may have in the federal system, and because there is no contention that can be made to invoke this Court's appellate jurisdiction over a decision made by a federal district court, we invoke Texas Rule of Appellate Procedure 2 to suspend the notice requirement of Texas Rule of Appellate Procedure 42.3 regarding the involuntary dismissal of civil cases.  *See* TEX. R. APP. P. 2, 42.3.

Walker v. Correct Care Solutions